and secure his release from his appearance bond.

The court instructed the jury in accord with the indictment; namely, that, if they believed that there was pending in the justice court, precinct No. 6, Callahan county, a complaint charging Bud Dilliard with an offense of the grade of felony, and that Dilliard was under bond for the appearance before the district court of Callahan county to await the action of the grand jury, etc. In our examination of the record, we have failed to discover any proof that there was filed in the justice court, precinct No. 6, of Callahan county, the complaint charged in the indictment. The only testimony on the subject is that there was a complaint filed against Dilliard in the justice court at "Cross Plains, Texas." Touching the county or precinct in which Cross Plains is situated, the record is silent. There is no testimony, and this court has no judicial knowledge of the county or precinct in which Cross Plains is located. The state having failed to prove the fact essential to the conviction, the judgment must be reversed. Cases in point are Lerma v. State, 81 Tex. Cr. R. 109, 194 S. W. 167; Fields v. State (Tex. Cr. App.) 24 S. W. 407; Latham v. State, 19 Tex. App. 305; Vivian v. State, 16 Tex. App. 262; Cain v. State (Tex. Cr. App.) 25 S. W. 1119.

For the reason stated, the motion for rehearing is granted, the affirmance is set aside, the judgment of the trial court is reversed, and the cause remanded.

---

**BOOTHE v. STATE.    (No. 11338.)**

Court of Criminal Appeals of Texas.    Jan. 25, 1928.

Larceny ⬤⇒55—Evidence held to sustain convicton for cattle theft.

In prosecution for cattle theft, evidence *held* sufficient to sustain conviction.

Appeal from District Court, Liberty County; Thos. B. Coe, Judge.

Elmer Boothe was convicted of cattle theft, and he appeals. Affirmed.

Blain & Jones, of Beaumont, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for cattle theft; punishment, two years in the penitentiary.

There are no bills of exception in the record. Objections to the court's charge and the special charges appearing in the record would indicate that, at the time the court's charge was submitted to appellant's counsel,

same did not contain instructions on the law of accomplice testimony. The charge, as same appears in the record, seems to sufficiently present the law of that issue. The facts demonstrate the presence in evidence of testimony aside from that of the accomplice which tends to connect the accused with the commission of the offense.

The case was not one of circumstantial evidence. The owner of the alleged stolen animal testified that he had on the range, at the place about where the accomplice says he and appellant killed a yearling, a four months old calf branded "M A," which was still sucking its mother, and the cow was also branded "M A." The accomplice testified that he and appellant on the occasion charged killed a yearling branded "M A," and that appellant sold the meat. Other witnesses corroborated this testimony. Appellant took the stand in his own behalf and admitted the killing of the calf, but claimed that he was induced to take part in the transaction by the accomplice.

Finding no error in the record, the judgment will be affirmed.