

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

*Reaffirm MW-702*

June 26, 1968

Honorable William Hunter
District Attorney
69th Judicial District
404 Danrock Avenue
Dalhart, Texas   79022

Opinion No. M-248

Re:   What compensation, if
      any, is a court reporter
      entitled to receive for
      taking and transcribing
      depositions involving
      indigent defendants and
      for examining trial pro-
      ceedings, and related
      questions?

Dear Mr. Hunter:

You request the opinion of this office regarding the following questions:

(1)   When a court-appointed attorney for an indigent defendant properly secures the deposition of a necessary witness in compliance with Article 39.02 of the Code of Criminal Procedure, is an official court reporter of the appointing court entitled to be paid compensation for the taking and transcribing of such deposition?  If so, whose responsibility is it to pay him and what rate of pay may be collected?

(2)   Is an official court reporter entitled to compensation for taking and transcribing examining trial proceedings at the request of the defendant's court-appointed attorney and the prosecuting attorney?  If so, whose responsibility is it to make such payment and what rate of pay may be collected?

(3)   When a deposition has been taken pursuant to Article 39.02 and the prosecuting attorney requests a copy for his use in connection with the case, is the County Commissioner's Court authorized to expend its funds for same?

In connection with your first question, we find no statutory provision which makes the taking and transcribing of depositions a part of such court reporter's official duties.  The duties of a court reporter are enumerated in Article 2324, Vernon's Civil Statutes of Texas.  However, it has been held in McCoy v. State,

- 1203 -

108 Cr.R. 583, 2 S.W.2d 242 (1927), that a court reporter may have official duties which extend beyond the express statutory requirements and which would rest largely within the discretion of the trial court. It has also been held in Attorney General Opinion No. WW-702 (1959) that under Article 2324 the services of taking and transcribing depositions for the state could be legally paid for by the Comptroller in accordance with the fees prescribed therein.

It is, therefore, the opinion of this office that the trial court could, if he found the same to be necessary, exercise his discretion so as to require his official court reporter to take the deposition without compensation. On the other hand, it would be the court's responsibility to determine in each case if the reporter should be allowed compensation. If the reporter is to be paid compensation, the trial court may approve defendant counsel's application for same. Under the applicable existing statute, the responsibility for presenting the application for reimbursement for the deposition expense is that of the court-appointed counsel for the indigent defendant. Article 26.05, Sec. 1(c) provides, in part, that such counsel shall be paid for various undertakings from the general fund of the county in which the prosecution was instituted, and among other enumerated services mentioned, the following:

> "For expenses incurred for purposes of investi-
> gation and expert testimony, not more than $250.00."

We point out, however, that the specific amount is subject to approval for reasonableness by the trial court and that the application of the statute is expressly limited to those cases involving persons "accused of a felony or a misdemeanor punishable by imprisonment."

Upon appeal of the case by the defendant, the cost of transcription of the reporter's notes, including any depositions used in the trial, is to be furnished the defendant by the state. Article 40.09, Section 5, Code of Criminal Procedure, provides, in part:

> ". . . The court will order the reporter to
> make such transcription without charge to de-
> fendant if the court finds, after hearing in
> response to affidavit by defendant that he
> is unable to pay or give security therefor.
> Upon certificate of the court that this ser-
> vice has been rendered, payment therefor shall

> be made from the general funds by the county
> in which the offense is alleged to have been
> committed . . ."

Since there is no statutory provision as to the amount to be paid for taking and transcribing depositions in criminal cases, the amount of compensation due insofar as state funds are concerned is a reasonable amount. While the court-appointed attorney and the court reporter may agree as to an amount between them, the final determination as to what constitutes a reasonable amount shall be at the discretion of the trial judge, taking into consideration all the pertinent circumstances which may bear on this matter. Attorney General Opinion Nos. C-785 (1966), C-657 (1966), WW-874 (1960). However, in connection with the record on appeal of the case, the court reporter's compensation for preparation of the transcript has been heretofore passed upon by this office and we reaffirm that holding as stated in Attorney General Opinion No. WW-702 (1959), wherein it was stated, in part:

> "Although the statute does not provide any
> fee for 'taking' the deposition when the duty
> to do so is imposed on a reporter, there is a
> statutory scheme for his fees when he makes
> a transcript thereof. If the transcript is
> written in other than narrative form, the
> reporter may charge, and the state may pay,
> not to exceed thirty cents per one hundred words
> for the original thereof. (Article 2324,
> V.C.S.) . . ."

Turning now to your second question, concerning compensation to be paid the court reporter for taking and transcribing examining trial proceedings at the request of both the prosecuting attorney and the defendant's court-appointed attorney, we note that there is no statutory provision which makes the taking and transcribing of examining trial proceedings a part of said court reporter's official duties. However, we believe our previous analysis herein with reference to pre-trial depositions is pertinent to our answer to the second question, and we hold that the taking and transcribing of examining trial proceedings at the request of the court-appointed attorney and the prosecuting attorney likewise may become the court reporter's extra-statutory duty.

Whenever the prosecuting attorney has requested the transcription of the examining trial proceedings, it is our opinion that the expense should be borne by the state. The payment of this expense may be paid by the County Commissioner's Court in accordance with our subsequent answer to the third question. When the transcription is requested only by defendant's court-appointed counsel, a different situation is presented. In an examining trial, a magistrate is authorized to appoint counsel to defend an indigent accused. Article 16.01, Code of Criminal Procedure. This office has heretofore held in Attorney General Opinion No. C-657 (1966) that Article 26.05 is applicable to examining trials and counsel who incur expenses for investigation and expert testimony in an examining trial are entitled to be reimbursed in accordance with the provisions of that statute. Insofar as any state funds may be used, however, the statute sets the limit at "not more than $250.00." The responsibility for reimbursing the court reporter under that statute is that of defense counsel and the rate of pay, not being fixed by statute, is that which the trial court may find reasonable under all the pertinent facts and circumstances.

The third question asks whether the County Commissioner's Court is authorized to expend its funds for a copy of a deposition taken pursuant to Article 39.02 and at the request of the prosecution for his use. We answer this question in the affirmative. In Attorney General Opinion No. WW-702 (1959), it was stated, in part:

> ". . . It is not the official duty of the reporter to make a carbon copy of the transcript if so taken, so if one is ordered and made for the use of a state agency or department, the price thereof is a matter for negotiation between the reporter and that agency or department. [See Attorney General's Opinion WW-692 (1959)]. If appropriated funds are available to that agency or department to purchase the copy, the price agreed upon is entirely within the discretion of that agency or department."

Thus, any expense by the prosecuting attorney which is necessary and reasonable may be certified by him as provided in Article 3899(b), Vernon's Civil Statutes, and should be paid under Article 40.09, paragraph 5, and Attorney General Opinion C-683 (1966). It is the duty of the Commissioner's Court to abide by that determination and make payment from the general funds of the county.

## S U M M A R Y

(1) An official court reporter may be entitled to compensation for taking and transcribing depositions in certain criminal cases under Article 26.05, Sec. 1(c), C.C.P. and in examining trial proceedings under Article 16.01, C.C.P.

(2) Defendant's court-appointed counsel is responsible for presenting application to the court for reimbursement of the cost when he alone orders the transcription, but the reimbursement is subject to statutory limitations. When the prosecuting attorney requests the transcription, he should certify the cost of same to the County Commissioner's Court for payment.

(3) The rate of compensation for such services is that found by the trial court as reasonable under all the pertinent circumstances, subject to statutory limitations when requested by the defense counsel only.

(4) The Commissioner's Court is authorized to pay out of the general funds of the county for copies of depositions taken under Article 39.02, C.C.P. and ordered by the prosecuting attorney for his necessary use in handling the case.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert Darden
Assistant Attorney General

APPROVED:

OPINION COMMITTEE:

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Monroe Clayton
Mario Obledo
David Longoria
John Banks
Robert Owen

EXECUTIVE ASSISTANT
A. J. Carubbi, Jr.