

# The Attorney General of Texas

September 29, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Bill Stubblefield
Williamson County Attorney
Williamson County Courthouse
Georgetown, Texas 78626

Opinion No. H-1250

Re: Appropriation of county funds to provide space, equipment, and supplies to official court reporter for district court.

Dear Mr. Stubblefield:

You have asked whether Williamson County is required or authorized to provide an official court reporter office space, equipment, supplies and other incidental items necessary to the performance of the reporter's duties.

Each official court reporter is appointed by the judge of the court to which the reporter is assigned and is a sworn officer of that court. V.T.C.S. art. 2321. The duties of the reporter are set out in article 2324, V.T.C.S. This statute provides that the reporter shall, upon request:

> Attend all sessions of the court; take full shorthand notes of all oral testimony offered in cases tried in said court, together with all objections to the admissibility of the evidence, the rulings and remarks of the court thereon, and all exceptions thereto; take full shorthand notes of closing arguments when requested to do so by the attorney for any party to such case, together with all objections to such arguments, the rulings and remarks of the court thereon, and all exceptions thereto;

> Preserve all shorthand notes taken in said court for future use or reference for three full years, and furnish to any person a transcript of all such evidence or other proceedings, or any portion thereof as such person may order, upon the payment to the official shorthand reporter of the fees provided by the judge.

Additional responsibilities are set out in the Code of Criminal Procedure — articles 11.07 § 2(c), 36.27, 40.09(4), 52.07, and the Rules of Civil Procedure —

Rules 272, 287. The reporter may have additional duties in the discretion of the court. McCoy v. State, 2 S.W.2d 242 (Tex. Crim. App. 1928); Attorney General Opinion M-248 (1968).

The court reporter is entitled to receive payment for travel expenses incurred when discharging official duties in counties other than that of his residence. V.T.C.S. arts. 2326-a, 2326a-1; Attorney General Opinion H-952 (1977). It is our opinion that the commissioners court may pay any other expenses "necessary to the office authorized by law." V.T.C.S. art. 3912k S 3(a). We believe the legal authorization for payment of these expenses is section 1 of article 3912k which provides, in part: "the commissioners court of each county shall fix the amount of ... office expense ... and all other allowances for county ... employees who are paid wholly from county funds, but in no event shall such salaries be set lower than they exist at the effective date of this Act." The reporter's salary is wholly paid by the county although it is set by order of the judge of the reporter's court and although the reporter receives additional fee compensation from other sources. V.T.C.S. art. 3912k, SS 1, 3, 5. See Attorney General Opinion H-200 (1974). Cf. Attorney General Opinion H-35 (1973). It is therefore our opinion that the county may furnish the items you inquire about if reasonably necessary for the performance of the court reporter's duties. See Attorney General Opinion H-1164 (1978). This was the widespread practice in the state when the legislature enacted article 3912k and therefore we believe that the legislature at that time acquiesced in this practice by the counties. Cousins v. Sovereign Camp, w.o.w., 35 S.W.2d 696 (Tex. 1931); Calvert v. Kadane, 427 S.W.2d 605, 608 (Tex. 1968); Attorney General Opinion WW-1484 (1962). The commissioners court has the discretion to decide which expenses to bear.

## SUMMARY

The commissioners court has reasonable discretion to authorize the payment of office expenses of an official court reporter.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn