### C. W. McCOY v. THE STATE.

No. 11151.   Delivered November 21, 1927.

Rehearing denied February 1, 1928.

**1. — Manslaughter — Remarks of Trial Judge Improper — But No Injury Shown.**

Where the trial judge commented on the proof necessary to authorize the admission of a letter written by the wife of appellant to the deceased on the day of the homicide, which letter disclosed illicit relations between appellant's wife and the deceased, the letter being admitted in evidence, the remarks of the court were improper but not harmful to appellant. See Gribbles v. State, 210 S. W. 215.

**2.—Same — Reputation of Deceased — Bill of Exception Incomplete — No Error Shown.**

Where appellant complains of the admission of certain evidence as to the reputation of deceased and his bill fails to disclose that the testimony objected to, was not in fact pertinent to issues in the case, such bill is not sufficient. Nor is an objection made to testimony on the ground that it has no probative force and does not tend to prove or disprove any issue sufficient to bring any matter before this court. See Jones v. State, 38 Tex. Crim. Rep. 87, and other cases cited.

**3.—Same—Evidence—Register of Hotel—Exclusion Harmless Error.**

Where the appellant was convicted of manslaughter, the register of the Santa Fe Hotel in Amarillo of date November, 1926, containing the names of J. E. Wilson and Mary Lane, supposedly to be the deceased and the wife of appellant, was improperly rejected, but we do not believe the error of such gravity as to call for a reversal. See Crawford v. State, 105 Tex. Crim. Rep. 281.

**4.—Same—Duty of Stenographers—Rule Stated.**

Appellant complains of the refusal of the court to direct the court stenographer to take down the examination of the jurors. Art. 2324 of our present civil statutes requires only that such stenographers make a record of the testimony, objections to same, the rulings and remarks of the court thereon and exceptions taken. There was no abuse of the dis-

cretion of the court shown in the matter, nor any injury resulting to the appellant.

ON REHEARING.

**5.—Same—Remarks of Trial Judge—Improper, But Not Reversible Error.**

The remarks of the trial judge complained of in which he commented on the letter from appellant's wife to the deceased, offered in evidence, were improper and in violation of Art. 707, C. C. P., but in view of the manslaughter verdict and the fact that the letter bore only on the issue of manslaughter, we cannot agree that the uncalled for remarks would justify a reversal of the judgment.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for manslaughter, penalty four years in the penitentiary.

The opinion states the case.

*W. F. Nix* of Amarillo, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manslaughter, punishment four years in the penitentiary.

Appellant relied on self-defense and insulting conduct toward his wife. The verdict being only for manslaughter, evinces the jury's acceptance of his claim that he killed deceased at the first meeting after learning of the supposed illicit relations between deceased and appellant's wife. Our discussion of the questions presented will be in the order in which same appear in appellant's brief.

The homicide was on February 25, 1927. A letter from appellant's wife to deceased, the contents of which support the inference of illicit intimacy between them, was offered in evidence by appellant. Said letter was postmarked February 25, 1927, and same was found in the mail of deceased after his death. Remarks of the court, made in connection with the offering of said letter, and of the court's ruling thereon, are made the subject of bill of exceptions No. 5. When the letter was offered the court said: "I do not know what is in it. I do not understand it. Does it show who wrote this? In the absence of other proof I cannot tell where this comes from. Mr. Noland is not here to tell where he got it. I cannot tell, to save my soul, who wrote this or what it has got to do with the case." These remarks were excepted to. Further evidence as to the handwriting on the envelope of the letter was tendered, and the court then said in substance that there was no evidence

that said letter was delivered to appellant until after the homicide. To this there was further exception. During the discussion of said objection the court further said: "It is not an act of deceased, but an act of defendant's wife," to which further objection was made. Later during the same argument the court said: "There is no proof here now, nor when, if this was written by the same party that wrote the letter, it got in the envelope," to which also objection was made. Appellant then introduced additional testimony bearing upon the admissibility of the envelope, and the court ruled that the letter was admissible, but said it made a difference with him in deciding he admissibility of the letter whether it was postmarked February 25 or February 26, for he thought the postmark was February 26 instead of February 25. This remark was also objected to, the ground of objections being that these remarks above set out were comments of the court on the weight of the testimony. It appears from the bill that a witness had testified that the postmark was February 25. We have set the statements out at some length because of the importance appellant seems to attach to the occurrence and in order that our ruling may be understood. We do not think any error appears in this bill. The letter, which was admitted in evidence, was dated "Friday A. M." Other testimony showed that February 25—the day of the homicide—was Friday. It was not controverted that the letter was written by the wife of appellant to deceased. The only purpose of the introduction of said letter was to induce the jury to believe intimacy existed between deceased and appellant's wife. That the jury did so believe is evidenced by their verdict. Whether the postmark on the envelope was February 25, the day of the killing, or February 26, seems to us to affect no material issue. Whatever the trial court may have thought of the date of the postmark, he admitted the letter in evidence, and the jury's acceptance of the effect of the introduction of the letter was in nowise affected by any remark of the court. Appellant cites many authorities supporting the admissibility of the letter in question. We think it clearly admissible. He cites others upon the wrong or improper comment by the court. We think these authorities sound, but that they are not applicable. In Gribbles v. State, 210 S. W. 215, we reaffirmed the rule that comments of the court upon the evidence are cause for reversal only when it reasonably appeared that injury could have resulted therefrom.

Bill of exceptions No. 3 sets out the testimony of W. O. Ward, supporting the reputation of deceased as a law-abiding citizen

and for chastity. Clearly such issues might be in a case like this. Jones v. State, 38 Tex. Crim. Rep. 87; Tatum v. State, 43 Tex. Crim. Rep. 415; Orange v. State, 47 Tex. Crim. Rep. 338. Such being the case, it devolved upon appellant to make apparent in his bill of exceptions, not only that he objected to the testimony upon the ground stated, but also that in fact there was no issue before the court to which such testimony could be material. Thompson v. State, 29 Tex. Crim. App. 208; Spencer v. State, 61 Tex. Crim. Rep. 62. Nothing in the bill under consideration informs this court that the testimony thus objected to was not in fact pertinent to issues in the case before the court. What we have just said applies also to bill of exceptions No. 4 wherein it appears that objection was made to testimony of the wife of deceased. To merely object upon the ground that the testimony has no probative force and does not tend to prove or disprove any issue, such objection being overruled, is not sufficient to bring a matter before us. The authorities cited by appellant in this connection seem not in point as we view them.

Bill of exceptions No. 2 sets out alleged error in refusing to admit in evidence the register of the Santa Fe Hotel in Amarillo in which appears as of date November, 1926, the names A. E. Wilson and Mary Lane. Other proof was before the jury that deceased had stated that he and the wife of appellant had spent the night at said hotel in November, and that they had registered under the names above set out. We are of opinion that the learned trial judge erred in rejecting this testimony, but are constrained to believe the error not of such gravity as to call for reversal. There was proof before the jury that deceased and Mrs. McCoy, wife of appellant, spent the night at said hotel together, and had the register been admitted, same could have served no purpose further than to have aided in establishing facts usable merely to show an intimacy between deceased and appellant's wife—information and belief of which might have brought the mind of appellant to that condition which rendered it incapable of cool reflection so that the killing of deceased by appellant would therefore be of no higher grade of homicide than manslaughter. The offense which the jury said appellant had committed being found by them to be manslaughter, such fact renders harmless the rejection of testimony whose only effect would have been to help bring the jury to that conclusion. Crawford v. State, 105 Tex. Crim. Rep. 281.

The only remaining complaint deemed necessary to mention is of the fact that the court declined to direct his stenographer

to take down the examination of the jurors, which is complained of in bill of exceptions No. 1.   Art. 2324 of our present civil statutes seems to require only that such stenographer make a record of the testimony, objections to same, the rulings and remarks of the court thereon, and the exceptions taken.   All material matters pertaining to the trial, aside from those specifically named in the statute, we think would greatly be aided, and the official stenographer should make notes and a record thereof.   However, in the absence of statutory declarations requiring the stenographer to take down the examination of the jurors and other matters aside from those named in the statute, the duties of the stenographer seem left largely to the discretion of the trial court.   We are not at liberty to hold the refusal of the court to require the stenographer to take the examination of the jurors, reversible error, there being no showing of any abuse of the discretion of the court in the matter, or that by reason thereof any injury resulted to the appellant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have considered with care the very courteous and forceful motion for rehearing and argument thereon filed by appellant.   As was said in the original opinion, there can be no doubt that the learned trial judge committed error in making the remark as to his belief that the postmark on the envelope was dated February 26.   It is to be regretted that matters of this kind should occur when there seems so little reason for the trial judge to make such a remark in the jury's presence in face of the statute forbidding it. (Art. 707, C. C. P.) If the letter which was finally admitted bore on any issue save that of manslaughter—of which offense only appellant was convicted—we would not hesitate to reverse because of such untimely remark, or if the conviction had been for more than manslaughter a reversal would unquestionably have been demanded.   Appellant argues that the jury was likely impressed that such statement from the judge indicated that, in his opinion, the letter was fabricated for defense purposes, and would therefore conclude that even the issue of self-defense had no foundation in fact.   We think the conclusion reached by appellant as to the probable consequence of the unfortunate incident is too speculative.

The other questions presented in the motion for rehearing are not thought to demand further attention than was given in our original opinion.

The motion for rehearing is overruled.        *Overruled.*