

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

January 7, 1974

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
Box 2553
Beaumont, Texas 77701

Opinion No. H- 200

Re: Fees of court reporters

Dear Mr. Hanna:

Your first question concerns whether Article 3912k, § 8, V. T. C. S.,
repeals Article 2324, V. T. C. S. If Article 2324 is repealed, you want to
know on what basis must an official court reporter charge for his services.

Article 3912k, § 8, V. T. C. S., states:

> "To the extent that any local, special, or general law,
> including Acts of the 62nd Legislature, Regular Session,
> 1971, prescribes the compensation, office expense,
> travel expense, or any other allowance for any official
> or employee covered by this Act, that law is repealed. "

Article 3912k, § 3(a) states in part:

> "In addition to transcript fees, fees for statements of
> facts, and other expenses necessary to the office autho-
> rized by law, the official shorthand reporter of each district
> or domestic relations court shall be paid a salary set by
> order of the judge of that court. . . ." (emphasis added)

Although § 8 states that any law prescribing compensation is repealed, § 3 ind
cates that the transcript and statement of fact fees for court reporters are st
in existence. In case of conflict between two sections of any act, one section
will not be held to repeal another unless this is the only construction that is p
mitted. If possible, effect will be given to all sections and provisions. See 5
Tex. Jur. 2d, Statutes, § § 102 and 106.

After setting out the duties of each official court reporter in the State of Texas, Article 2324, V. T. C. S., states in part:

> "When any party to any suit reported by any such reporter shall desire a transcript of the evidence in said suit, said party may apply for same and the reporter shall make up such transcript and shall receive as compensation therefor the sum of not more than thirty cents per one hundred words for the original thereof. . . ."

The question of repeal, whether express or implied, is one of legislative intent. In construing a repealing clause, courts will give effect to the legislative intent, and for this purpose will depart, when necessary, from the literal meaning of words used. If by any reasonable construction, two acts can be reconciled and so construed that both may stand, one will not be held to repeal the other. 53 Tex. Jur. 2d, Statutes, § § 93 and 96.

It appears that the salary in Article 3912k is intended to be in addition to the statutory fees that may be charged by the reporter in accordance with Article 2324. Therefore, since Article 3912k deals with compensation other than transcript and statement of fact fees, and Article 2324 sets out the rate that may be charged for transcripts and statement of facts, the two statutes can be reconciled. In other words, Article 3912k, § 8, does not expressly or by implication, repeal Article 2324.

Your second inquiry concerns whether Article 3912k, § 8, repeals Article 2321, V. T. C. S. If Article 2321 is repealed, you ask "how should a court reporter be appointed and what rules of examination should govern his or her qualifications?"

Article 2321, V. T. C. S., states:

> "Each district and criminal district judge shall appoint an official court reporter who shall be a sworn officer of the court and shall hold his office during the pleasure of the court. Before any person is so appointed, the judge shall assign three attorneys practicing in said court to

> examine said applicant as to his competency as
> follows:  The applicant shall, in the presence of such
> committee, write at the rate of at least one hundred
> and seventy-five words per minute for five consecutive
> minutes from questions and answers submitted to him,
> not counting the words 'question' and 'answer,' and shall
> transcribe the same with accuracy.  If the applicant
> passes this test satisfactorily a majority of the commit-
> tee shall furnish him with a certificate of that fact,
> which shall be filed among the records of the court and
> be recorded by the clerk in the minutes thereof.  As
> to subsequent appointments, the presentation of a
> certified copy from said clerk of said certificates shall
> be prima facie evidence of the applicant's competency.
> No examination by any committee shall be required of an
> applicant who has been official stenographer of any district
> court in this State for not less than two years prior to his
> application."

Article 3912k was enacted by the Legislature for the purpose of estab-
lishing and setting fees of office for various county and precinct officials and
employees who are paid wholly from county funds.  Inasmuch as Article 2321
provides for the appointment and examination of official court reporters and
Article 3912k deals with the fees of office of individual office holders, § 8 does
not repeal, either expressly or by implication, Article 2321.

Your third question asks:

> If closing arguments are requested by either party
> to be taken by the court reporter, typed, and included as
> a part of the statement of facts, what charge could be
> made by the court reporter for such duties?

Article 2324 states in part:

"Each Official Court Reporter shall:

" . . . take full shorthand notes of closing arguments
when requested to do so by the attorney for any party to
such case, together with all objections to such arguments,
the rulings and remarks of the court thereon, and all
exceptions thereto;

"Preserve all shorthand notes taken in said court for
future use or reference for a full year, and furnish to
any person a transcript of all such evidence or other pro-
ceedings, or any portion thereof as such person may order,
upon the payment to him of the fees provided by law.

"When any party to any suit reported by any such reporter, ,
shall desire a transcript of the evidence in said suit, said
party may apply for same and the reporter shall make up
such transcript and shall receive as compensation therefor
the sum of not more than thirty cents per one hundred
words for the original thereof . . . ." (emphasis added)

The court reporter is under a duty to take full shorthand notes of closing
arguments when requested to do so by the attorney for any party to such case.
Moore v. State, 363 S. W. 2d 477 (Tex. Crim. 1962); Newhouse v. State, 420 S. W.
2d 729 (Tex. Crim. 1967). The last portion of Article 2324 authorizes the
reporter to charge the sum of not more than thirty cents per one hundred words
for the original transcript which includes closing arguments if requested by any
party to a suit.

Your fourth question is:

If either party requests the court reporter to take
shorthand notes of the voir dire examination and it is later
requested the voir dire examination be typed as part of the
Statement of Facts, must the court reporter charge thirty
cents (30¢) per hundred words for typing the voir dire
examination when, in fact, Article 2324 does not mention
voir dire examinations at all?

Article 40.09, §4, Texas Code of Criminal Procedure, states in part:

> "At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments. He is not entitled to any fee in addition to his salary for taking these notes . . . ." (emphasis added)

Although there is no statutory rule or requirement that voir dire examination be recorded by the court reporter in civil cases, we believe he may be required to do so at the direction of the court. See McCoy v. State, 2 S.W. 2d 242 (Tex. Crim. 1927).

The reporter may not charge for the mere taking of shorthand notes of the voir dire examination. However, in accordance with Article 2324, the reporter is under a duty to preserve all shorthand notes taken and to furnish to any person a transcript of all evidence or other proceedings. It is further stated that the court reporter shall receive as compensation the sum of not more than thirty cents per one hundred words for the original transcript.

Your fifth question asked:

> May a court reporter charge for the mere taking of shorthand notes of the voir dire examinations, closing arguments and/or the attorneys' objections to the Court's charge? If so, what rate may be charged?

Article 2324 is silent as to whether a fee may be charged for the mere taking of shorthand notes. It therefore appears that the court reporter is not authorized to charge for the taking of such notes. Article 40.09, §4, Code of Criminal Procedure, expressly prohibits the court reporter from charging any fee in addition to his salary for taking notes of voir dire examination, objections to the court's charge, and final arguments. Under the provisions of Rule 272, Texas Rules of Civil Procedure, the court reporter is required to

take an attorney's objections to the court's charge when such request is made. See Long v. Smith, 466 S.W. 2d 32 (Tex. Civ. App., Corpus Christi, 1971, n.r.e.).

The only duty imposed on the reporter by the statute is to "take" shorthand notes. There is no duty to transcribe these notes unless and until he is requested to do so. It is specifically provided in Article 2324 that if the reporter is requested to transcribe the notes, he may charge a transcript fee. See Attorney General Opinion WW-702 (1959) and M-248 (1968).

## SUMMARY

1. Article 3912k, §8, V. T. C. S., does not repeal either Article 2324, V. T. C. S., or Article 2321, V. T. C. S.

2. If closing arguments or the voir dire examination are requested by either party to be typed as a part of the Statement of Facts, the court reporter must charge no more than thirty cents per hundred words in accordance with Article 2324, V. T. C. S.

3. The court reporter may not charge for the mere taking of shorthand notes of the voir dire examination, closing arguments, or the attorneys' objections to the court's charge.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee