

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 27, 1977

Honorable Ray Harris, CPA
San Patricio County Auditor
Sinton, Texas 78387

Opinion No. H-1003

Re: Administrative assistant
for the Judge of the 156th
Judicial District.

Dear Mr. Harris:

You ask if it is "legal for the counties comprising the
156th Judicial District of Texas to budget for and provide
a deputy court reporter and/or administrative assistant for
the District Judge."

The 156th Judicial District is composed of the counties
of San Patricio, McMullen, Live Oak, Bee, and Aransas. V.T.C.S.
art. 199 (156). The statute provides for the appointment of
an official shorthand reporter for the court but it does not
refer to deputy reporters, to administrative assistants, secre-
taries or co-ordinators.

The appointment of deputy shorthand reporters is governed
by article 2323, V.T.C.S., which reads:

> In case of illness, press of official work,
> or unavoidable disability of the official
> shorthand reporter to perform his duties in
> reporting proceedings in court, the judge of
> the court may, in his discretion, authorize
> a deputy shorthand reporter to act during the
> absence of said official shorthand reporter
> . . . . The necessity for a deputy official
> shorthand reporter shall be left entirely
> within the discretion of the judge of the
> court.

Thus, it is within the discretion of the judge of the
156th Judicial District Court to appoint a deputy court
reporter if the judge deems such an appointment necessary
within the framework of the statute, and if such a deputy is
appointed, it is the duty of the commissioners court of each

p. 4154

county composing the judicial district to budget and pay such deputy a salary set by the judge. See V.T.C.S. art. 3912k, § 3; Attorney General Opinions H-952 (1977); H-731 (1975); H-200 (1974); M-540 (1969); O-5305 (1943); O-3643 (1941); O-2078 (1940). See also V.T.C.S. arts. 2326j-59; 2326h; Attorney General Letter Advisory No. 60 (1973).

The statutory duties of a court reporter are recited in article 2324, V.T.C.S.; the duties of an official reporter beyond statutory requirements rest largely within the trial court's discretion. McCoy v. State, 2 S.W.2d 242 (Tex. Crim. App. 1927). See Groves v. Gould, 102 S.W.2d 1114 (Tex. Civ. App. -- Fort Worth 1936, no writ).

The county commissioners court is also authorized by article 39121, V.T.C.S., to hire and provide compensation for adequate secretarial personnel to assist any district officer if it believes the action justified. Also, the district clerks in each county are authorized by article 1898, V.T.C.S., to appoint deputy clerks to aid them in discharging their duties, which include acting as clerks for the 156th Judicial District Court. V.T.C.S. art. 199 (156), § 4. Compare Attorney General Opinion WW-1375 (1962) with Attorney General Opinion WW-415 (1958) and M-336 (1969).

In the context of your inquiry we construe the term "administrative assistant" to be within the meaning of the term "secretarial personnel" used by article 39121, but similar functions might be discharged at the direction of the judge by either a deputy court reporter or by a deputy district clerk. Consequently, we answer your question in the affirmative.

### S U M M A R Y

> The 156th Judicial District Court may be provided with a deputy court reporter or an administrative assistant, or both, and the salaries for such personnel may be budgeted and paid by the counties comprising the 156th Judicial District.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml