### WILLIE DIPPLE V. THE STATE.

No. 11356.   Delivered March 7, 1928.

Rehearing denied April 11, 1928.

**1.—Possessing Intoxicating Liquor—Remarks of Court—Not Improper.**

Where, on a trial for possessing intoxicating liquor, the state asked a witness the following question: "Was the liquor intoxicating," which was objected to by the appellant on the ground that the question was a repetition, whereupon in ruling upon the objection the court remarked "He has

already testified that he drank it, and that it was intoxicating," which being true, appellant could not possibly have been injured by the remark of the court. See Wilson v. State, 17 Tex. Crim. App. 535, and other cases cited. Also Branch's P. C., Sec. 270.

### 2.—Same—Evidence—Objections—Hypercritical.

Where appellant objected to the District Attorney in his questions, referring to the liquor as whiskey, when in fact it was brandy, appellant's contention that a trifling matter of this kind would justify a reversal cannot be seriously considered.

ON REHEARING.

### 3.—Same—No Error Disclosed.

On rehearing, nothing has been presented by appellant that is persuasive that our original disposition of the case was erroneous, and his motion is overruled.

Appeal from the District Court of Young County. Tried below before the Hon. E. G. Thornton, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Binkley & Binkley* of Graham, and *Warren W. Moore* and *Audley Harris* of Austin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession for the purpose of sale of spiritous liquor capable of producing intoxication, penalty one year in the penitentiary.

Complaint is made of the following matter: While the witness for the state, Smith Houston, was testifying, the District Attorney was permitted to propound the following question: "Was the liquor intoxicating?" Counsel for appellant objected to said question as repetition, whereupon the court in sustaining the objection remarked: "He has already testified he drank it and that it was intoxicating." The bill fails to show, as it should, what witness Houston had theretofore testified. The statement of facts shows, however, that he had testified that the liquor was intoxicating.

It has been frequently held that the remark of a trial judge not calculated to operate prejudicially to the accused was not reversible error. Wilson v. State, 17 Tex. Crim. App. 535. House v. State, 19 Tex. Crim. App. 239; Wofford v. State, 60 Tex. Crim. Rep. 628; Branch's P. C., Sec. 270. The effect of the remark of the court was merely to repeat the contention of

counsel of appellant in the presence of the jury and we are not able to perceive how the same could have injured appellant.

The further contention is made that there was error because the District Attorney in his questions referred to the liquor in question as whiskey when it was in fact brandy. The court sustained appellant's objection but he seems to present the point that the mere asking of the question was so highly prejudicial as to constitute error. In a brief filed by appellant no authorities are cited and we do not believe any authority exists to support appellant's contention that a trifling matter of this kind would justify a reversal.

The evidence in our opinion being sufficient and no errors appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we erred in practically each point decided in the original opinion. The testimony in the case was short. Four bills of exception were reserved. We have again reviewed each. We can not comprehend how the reference to the liquor sold by appellant, as whiskey, by the District Attorney, could have inflicted injury. No testimony is offered supporting any inference that the jury were prejudiced or misled or influenced thereby. The second bill of exceptions which complains of repeated leading and suggestive questions, fails to set out any questions or any fact supporting the contention. The third bill sets out that while Smith Houston was being examined, he was asked whether or not the liquid was intoxicating. Counsel for appellant objected because this was but repetition. The court sustained the objection, saying "He has already testified he drank it and that it was intoxicating." The statute, Art. 707, C. C. P., says the court shall not comment upon the weight of the testimony, or its bearing on the case, nor make any remark calculated to convey to the jury his opinion of the case. It is held that for the court, in ruling upon an objection made, to say that the question has been answered is not erroneous. Bonners v. State, 35 S. W. 669; Smith v. State, 81 Tex. Crim. Rep. 368. This bill does not show that the question had not already been asked and answered in the affirmative. That it had been asked is

evident from the very objection made, which was that it was a repetition. If the question had been asked and had been answered in the affirmative, then certainly the statement of that fact by the court was not a comment on the weight of the testimony, nor an indication of the court's opinion regarding the matter.

We are of opinion that the case was correctly decided, and the motion for rehearing will be overruled.

*Overruled.*