## NASH CLAY v. THE STATE.

No. 14514. Delivered December 23, 1931.
Rehearing Denied June 24, 1932.
Reported in 51 S. W. (2d) 693.

The opinion states the case.

*Miller & Price* and *W. V. Dunham,* all of Waco, for appellant.

*Willard McLaughlin,* Criminal District Attorney, and *Sam Dardnne,* Asst. Criminal District Attorney, both of Waco, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is arson; the punishment, confinement in the penitentiary for two years.

It was charged in the indictment that appellant unlawfully and wilfully burned the house of R. N. Shields. Appellant had rented the house from Shields, paying him therefor $10 per month. Immediately after the fire there was found in the house combustible material saturated with kerosene oil. The windows of the house had been securely nailed down. The front door was also fastened with nails. The back door was fastened with a lock and chain. There were a few articles of old furniture in the house. A witness for the state testified that he was in front of the house on the night of the fire a few minutes before the fire alarm was given, and that he saw appellant in close proximity to the house. Another state's witness testified that he saw appellant come out of the house approximately five minutes before the fire. He said that shortly before appellant left the house he saw him carry a box from the garage into the house. When appellant left the house, according to the testimony of the witness last referred to, the chain on the back door rattled and appellant placed some keys on his belt. The key to the house was found in appellant's possession when he was arrested.

Appellant testified that he was not in the house on the night of the fire. He denied that he had anything to do with burning it. He said that he had rented the house from Mr. Shields, but did not live there.

It was not alleged in the indictment that appellant was the tenant of R. N. Shields. The contention is made by appellant that in order for the proof that he was a tenant to correspond with the allegation of ownership it should have been averred in the indictment that he was the tenant of R. N. Shields. We are unable to agree with this contention. In Gutgesell v. State (Texas Com. App.), 43 S. W., 1016, it was alleged that the accused burned the house of Elizabeth F. Gullett. The proof showed that the house belonged to Elizabeth F. Gullett and that at the time it was burned appellant and one Ashbury were in possession of different apartments of the house. The contention was made that in as much as the proof showed that appellant was the occupant of the house and in possession thereof, there was a variance between the allegation and proof as to ownership. In holding adversely to the appellant's contention, Judge Hurt, speaking for the court, said: "As we understand it, his contention is that ownership, under our statute in arson cases, must be charged in the occupant or person in possession of the house. We do not agree with this contention. The allegation in the indictment here is that Elizabeth F. Gullett was the owner; and the proof showed that the fee of the property was in her, and that appellant was her tenant. At common law, the

offense of arson is defined to be 'the malicious burning of the house of another.' Under our statute, it is 'the wilful burning of a house,' and the owner is not guilty of the crime if he burn his own house, except under certain circumstances provided by our statutes. Ordinarily, in cases of arson, the offense is committed by someone other than the occupant of the house; and in such cases it would ordinarily be sufficient to charge the ownership in the occupant. In this case, however, the occupant or tenant of the premises is the party charged with the burning; and we hold, under our statute, that in all such cases it is sufficient to charge the ownership of the premises to be in the person owning the fee."

In Dunlap v. State, 50 Texas Crim. Rep., 504, 98 S. W., 845, it was alleged that the house belonged to J. J. Jarvis. The appellant was the tenant of Jarvis. The contention was made that there was a variance between the allegation as to ownership and the proof. Judge Davidson, speaking for this court, ruled adversely to the appellant's contention. The holding of the court in Mulligan v. State, 25 Texas App., 199, 7 S. W., 664, 8 Am. St. Rep., 435, that it was necessary to aver in the indictment that the accused was the tenant of the owner was not necessary to a disposition of the appeal. The case was finally disposed of on the ground that the proof showed the burning of a pile of logs and not a house.

Appellant contends that error was committed by the state in making proof of ownership of the house in question. It appears from the record and the bills of exception that the state introduced in evidence certified copies of deeds to the house wherein R. N. Shields was named as grantee. It is appellant's contention that proper notice was not given before introducing these copies, it being his position that it was necessary to prove title by the introduction of deeds to the property. We deem it unnecessary to decide whether parol evidence is admissible to prove title in a case of the nature under consideration. Appellant testified that the house belonged to Mr. Shields, and that he rented from him. It was held in Rogers v. State, 26 Texas App., 404, 9 S. W., 162 (an arson case), that if the accused occupied the house under a lease from the alleged owner he could not be heard to deny the title of his landlord.

Appellant objected to the charge of the court because of its failure to embrace an instruction to the effect that he should be acquitted if he did not know that the house was insured. The existence of insurance was not a specific element of the offense. The indictment charged that he burned the house of another. It was not averred that the house was insured.

There was no issue as to the ownership of the house. It was undisputed that R. N. Shields was the owner. Hence it was unnecessary to advise the jury in the charge that appellant should be acquitted if they did not believe beyond a reasonable doubt that R. N. Shields owned the house.

It is contended that the charge on circumstantial evidece is incorrect.

It is observed that the charge follows that set out in Pozil v. State, 104 Texas Crim. Rep., 244, 283 S. W., 846. If the charge was inaccurate we would not, under the record, feel authorized to order a reversal. Under the provisions of article 666, C. C. P., we are not authorized to reverse because of an error in the charge unless it appears that such error was calculated to injure the rights of the accused, or unless it appears from the record that the accused has not had a fair and impartial trial. The opinion is expressed that appellant could not have been injured by the error, if any, in the charge.

Bill of exception No. 14 presents the following occurrence: The district attorney asked appellant on cross-examination if appellant's witness, Hunt, was not so drunk on the night of the fire as not to know whether it was 9 or 12 o'clock. Appellant objected on the ground that the question was immaterial. Hunt had testified that he was with appellant on the night of the fire. In other words, he had testified to an alibi for appellant. In overruling the objection the trial court stated in the presence of the jury: "Inasmuch as he has testified so accurately as to what happened, I think it is admissible."

Appellant objected to the remark of the court on the ground that it was a comment on the weight of the testimony. It is clear from the bill of exception that the trial court was referring to the testimony of Hunt when he made the remark of which complaint is made. It is not clear that the remark was a comment on the weight of the evidence. It might be construed to merely embody the reason of the court for admitting the testimony. If it should be construed to be a comment on the weight of the testimony given by Hunt, we think it is apparent that the statement of the court was calculated to convey to the jury the impression that the court believed that Hunt's testimony in favor of appellant had been accurately given. In other words, there was nothing in the remark that would have impressed the jury with the view that the trial judge was of the opinion that Hunt had given false testimony. The question whether the judgment should be reversed because of improper remarks of the judge is determined not alone upon the language used or upon the fact that the comment was made. Comments of the court are cause for reversal only when it reasonably appears that injury could have resulted therefrom. McCoy v. State, 108 Texas Crim. Rep., 583, 2 S. W. (2d) 242. The remark should not have been made. However, we are unable to see how appellant could have been injured.

Bill of exception No. 19 is concerned with a statement by the court, in the presence of the jury, to the effect that the court did not believe that a witness for the state had testified to anything except what he actually saw when he was in the burned house. We find nothing in the bill of exception that indicates that the appellant objected to the remark

of the court. The remark should not have been made. However, in the state of the record, the matter fails to present reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—A number of grounds are enumerated in appellant's motion upon which the claims a rehearing should be granted, but the only point elaborated is regarding the matter presented in bill of exception No. 14, and discussed in our original opinion. Appellant makes a quite plausible argument upon the claim that the remark of the court complained of in said bill *could* have been injurious to appellant. We have not been able to agree to the conclusion reached by him as a result of the argument. We think it would be going too far for this court to infer that the jury understood that the trial judge was speaking sarcastically, and that the remark conveyed the idea to the jury that the court meant that Hunt's estimony was so accurate it was subject to suspicion. We believe the question was properly disposed of in the original opinion.

It does not appear necessary to discuss the other questions suggested in the motion. All of them were correctly decided, we think, in our former opinion, which was delivered in December, 1931. Since that time some of the same questions have had further consideration in the case of Doyle Nash v. State, 121 Texas Crim. Rep., 13, 51 S. W. (2d) 689, decided originally in April, 1932, and motion for rehearing acted on this day.

Appellant's motion for rehearing is overruled.

*Overruled.*