J. D. Green v. State.

No. 24597. January 25, 1950.

*Burks & McNeil,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by complaint and information with the sale of whiskey in a dry area, there being five counts, each charging a separate sale. The court submitted Counts 1, 2 and 5 to the jury and appellant was convicted on each count and his punishment was assessed by the jury at a fine of $100 and four months in jail on each count. Judgment was entered combining such fines and imprisonment, so as to adjudge that appellant be fined $300 and imprisoned in jail for twelve months.

The facts show that appellant sold whiskey to the officers named in the complaint and information in a dry area, as charged in such count. No evidence was offered in behalf of appellant.

The trial judge in connection with his charge to the jury in writing admonished the jury against a quotient verdict in this language:

"If you should find the defendant guilty, you are instructed that you should not attempt to arrive at the punishment to be assessed by your verdict by a ballot as to the number of months or the amount of fine, or both each juror is in favor of assessing and then deviding the total of same by the number six, the number of jurors in this case."

Appellant excepted to such charge because of the use of the term "number of months" on the ground that such is on the weight of the evidence, calculated to lead the jury to believe that the imprisonment, if any, should be for a term of "months." Appellant also requested a charge cautioning the jury against arriving at the punishment to be assessed by lot or chance or by any other manner except by a fair consideration of the evidence, in lieu of the admonition quoted.

The trial court should have responded when the matter was thus called to his attention by eliminating the expression "term of months." The punishment provided for the offense charged has no minimum jail term and therefore is not necessarily to be measured in terms of months.

The effect of such instruction was to indicate to the jury that the trial judge was inclined to the view that the punishment on each charge should be in "months." There being three charges, and the jury assessing the punishment on each in terms of months, we are unable to say that no injury to appellant is shown.

Counsel for the state suggests that punishment might have been the minimum and stated in a fraction of a month (as 1/30th of a month), and therefore no injury is shown. It may be assumed that the trial court would have met prompt objection from the state should he have used the term "number of days" in the instruction in lieu of "number of months." Of course, neither should have been used.

If the trial court thought it necessary or proper to give such a charge, it should have been so framed as to avoid any suggestion as to the court's view of the punishment to be assessed such as by the use of the term "period of confinement."

Whether considered a part of the charge of the court or a remark of the court in writing, we believe that the instruction constitutes error. Art. 707, C. C. P., in part provides that the judge shall not "* * * at any stage of the proceedings previous

to the return of a verdict, make any remark calculated to convey to the jury his opinion of the case." Violation ·of this article of the statute will ordinarily result in a reversal of the case.

The fact that the statement of the court was made in writing renders it more harmful to the appellant. It was constantly before the jury in their deliberations.

Counts 3 and 4 of the information and complaint were not submitted to the jury. Since these counts will not be available to the state in the event of another trial, we consider it unnecessary to discuss the question raised as to the effect of the court's instruction to the jury to disregard evidence introduced under such counts.

The judgment is reversed and the cause remanded.

Opinion approved by the court.