## ANN HOUSE HUCKERT V. STATE.

No. 26,618. November 18, 1953.
Motion for Rehearing Denied February 3, 1954.

*Burks & Brown,* by *Clifford W. Brown,* Lubbock, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted in the county court at law of Lubbock County of the offense of unlawfully operating a motor vehicle upon a public highway while under the influence of intoxicating liquor and her punishment was assessed at a fine of $400.

It is shown by the facts that on the day in question a policeman of the city of Lubbock observed a car being driven by the appellant in an erratic manner, moving from side to side, into a bar ditch, then back on the highway and crossing from one lane to another. The officer blew his siren and appellant stopped

in the middle of the street. As he got out of his car and started over to the appellant, she drove away. The officer again proceeded in his car and finally stopped her. Upon asking for her identification, she fumbled in her purse and produced a driver's license. The officer then informed her that he was going to take her to the police station and got in her car. However, appellant was not willing to go to the police station and created quite a disturbance, and the officer who attempted the arrest had to be assisted by further officers in doing so.

It was also shown by certain testimony that appellant was in a drunken condition; that alcohol could be smelled upon her breath; that from her manner, speech and actions, which consisted of cursing, fighting and screaming, as well as the scent on her breath, it was the opinion of all the officers that she was in a drunken condition.

Her husband testified that the appellant was going through the change of life, and that in his opinion, her actions on the occasion of her arrest were caused from extreme nervousness and excitement due to her physical condition. He also testified that appellant had had two "shotgun glasses" of whisky before the occasion of her arrest.

We find three bills of exception in the record.

Bill of Exception No. 1 relates to certain argument made by the assistant county attorney in discussing the amount of alcohol required to effect the intoxication of a person and that it appeared from the testimony in the case that appellant was not in control of her mental and bodily faculties by reason of the recent intake of alcohol. From the bill we quote:

" 'It seems to me under all the evidence in this case she was not in control of her mental and bodily faculties, and those are the type of people we are trying to keep from driving.'

"BE IT FURTHER REMEMBERED AND CERTIFIED that upon the making of the above quoted argument, the defendant objected to said argument as follows: 'Mr. Brown: Now, just a moment, Your Honor, we object to that argument as amounting to the giving of illegal, unsworn evidence after the testimony is closed, being given by the county attorney. I think it is improper argument and seeks to elicit sympathies from the jury for the State's case. We will ask the Court to instruct the jury not to consider that.'

"BE IT FURTHER REMBERED AND CERTIFIED that upon the objection being made as above set out, the following occurred:

" 'Court: I will overrule the objection.

" 'Mr. Brown: And note our exception.

" 'Court: On the basis that it was a logical conclusion from the evidence.

" 'Mr. Brown: And note our exception to the remarks of the Court as being on the weight of the evidence, calculated to lead the jury to believe that the Court is of the opinion that there is evidence to support the statement.

" 'Court: You may have your bill.

" 'Mr. Brown: And we would like our exception to the ruling of the Court.

" 'Court: You may have your exception.' "

It is vigorously contended by the appellant that such ruling and statements by the court were comments calculated to lead the jury to believe that the court was of the opinion that the evidence supported the statement of the state's attorney. We are of the opinion that the statement complained of was but a statement of the admitted and proven facts, that is, that this lady was not in control of her normal faculties, bodily and mentally, and that a person in her condition should not have been driving at the time. According to the testimony of the officers, as well as that of her husband, who testified that when she went into her paroxyms of rage, or whatever it might be, that there was no way of controlling her; that sometimes a drink of whisky would calm her, but usually he just had to sit it out. It appears to us that the statement of the state's attorney was a fair conclusion from the uncontradicted testimony in the case. In fact, we see no other conclusion that could be drawn from the statement complained of in this bill.

Bill of Exception No. 2 complains because of the fact that the arresting officer, after he had gotten appellant under control, took her to the police station and booked her for driving while intoxicated and asked her if she wanted a blood test. This was objected to by the appellant and not answered by the witness. The statement of facts failed to convey the answer of the appellant when asked if she desired a blood test. However, it

is shown that she did not get a blood test. When such was done, the court sustained the objection that he had hitherto failed to sustain, being firm in his opinion, and this bill shows that there was no answer offered by the appellant. We think the court's ruling on this matter was correct.

Bill of Exception No. 3 relates to Paragraph 5-A of the court's charge, the complaint being that the same did not fully present the appellant's defense herein, and that was, that she was undergoing a change of life and that her actions on the occasion in question were not caused from intoxication, but were the result of emotional strain caused by her change of life, and if the jury believed the same, or had a reasonable doubt thereof, then they should acquit her. The court charged the jury as follows:

"The defendant has introduced testimony to the effect that she was not intoxicated at the time of her arrest. Now, if you believe said evidence or have a reasonable doubt thereof, then you will acquit the defendant and say by your verdict not guilty."

We do not think it was incumbent upon the court to set out any of the possible grounds, whether there be one or many, which might account for the appellant's erratic conduct at the time of her arrest. We think that Paragraph 5-A of the court's charge above quoted conveys to the jury the idea that no matter what would have caused her peculiar actions at the time, unless she was then intoxicated, or if they had a reasonable doubt thereof, she should be acquitted without specifying any reason for her condition herein as an excuse for her conduct. See Phillips v. State, 152 Tex. Cr. R. 612, 216 S.W. (2d) 213; Wells v. State, 153 Tex. Cr. R. 331, 220 S.W. (2d) 148; and Milligan v. State, 156 Tex. Cr. R. 448, 243 S.W. (2d) 581.

We think the testimony is sufficient to support the conviction, and finding no reversible error herein, the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant directs our attention to the fact that in her Bill of Exception No. 1 she complains of the remarks of the judge and not of the argument of counsel. She insists that we should

hold that reversible error is shown and relies upon the case of Ward v. State, 156 Tex. Cr. Rep. 472, 243 S.W. 2d 695, as directly in point.

As stated in our original opinion, the county attorney was discussing the amount of alcohol required to effect intoxication. The argument was to the effect that maybe one person could drink a quart and be very sober, and do a good job of driving, while "maybe somebody else, due to their physical condition, due to some mental condition or whatever it may be, couldn't drink very much, and be very intoxicated; - - -." He further argued, "But this woman, and all of them, are charged with driving while intoxicated and that means, as you know, the lack of control of their bodily and mental faculties. It seems to me under all the evidence in this case she was not in control of her mental and bodily faculties, and those are the type of people we are trying to keep from driving."

The objection was made to this argument, and the court having overruled the same, in explanation of his ruling remarked "On the basis that it was a logical conclusion from the evidence."

We understand the conclusion drawn by the assistant county attorney to be that appellant, though she may have consumed only a small amount of intoxicating liquor, was nevertheless intoxicated. We understand the remarks as to "the type of people we are trying to keep from driving" as referring to intoxicated drivers, without regard to the amount of alcohol which may have caused the loss of their normal faculties.

So construing the argument we expressed the conclusion in our original opinion that the court did not err in overruling the objection to the argument.

In view of appellant's motion we will further discuss the contention regarding the remark of the trial judge.

Art. 707 C.C.P. provides in part that the judge shall not, at any stage of the proceedings previous to the return of a verdict, make any remark calculated to convey to the jury his opinion of the case.

In Ward v. State, supra, this court said that the provisions of Art. 707 C.C.P. are mandatory, and reached the conclusion

that the remark of the court violated the provisions of said article and constituted reversible error.

In Newton v. State, 150 Tex. Cr. Rep. 500, 202 S.W. 2d 921, and in Green v. State, 154 Tex. Cr. Rep. 197, 226 S.W. 2d 454, we said that a violation of Art. 707 C.C.P. ordinarily will result in a reversal. And in Hill v. State, 153 Tex. Cr. Rep. 105, 217 S.W. 2d 1009, we said that the article is to be rigidly enforced.

We do not construe these decisions as in conflict with the many opinions of this court handed down prior to the Ward case wherein it was held that remarks of the trial judge in violation of Art. 707 C.C.P. are not ground for reversal unless such remarks operate to the prejudice of the defendant. Rodriguez v. State, 109 Tex. Cr. Rep. 190, 5 S.W. 255; Crane v. State, 91 Tex. Cr. Rep. 304, 240 S.W. 920; Dipple v. State, 109 Tex. Cr. Rep. 339, 4 S.W. 2d 565; Davis v. State, 114 Tex. Cr. Rep. 72, 24 S.W. 2d 417; Clay v. State, 40 Tex. Cr. Rep 593, 51 S.W. 2d 693; Welburn v. State, 129 Tex. Cr. Rep. 323, 87 S.W. 2d 259; Martin v. State, 154 Tex. Cr. Rep. 302, 227 S. W. 2d 213.

The rule was recognized in Farmer v. State, 158 Tex. Cr. Rep. 397, 255 S.W. 2d 864, decided after the Ward case.

The state's witnesses testified as to the conduct and appearance of appellant and to the odor of alcohol on her breath. That she was in no condition to safely drive an automobile on the public highway is without dispute.

The state's witnesses attributed her condition to drunkenness. According to the state's evidence appellant denied, at the time of her arrest, that she had been drinking.

Appellant's husband, who was in the car with her, did not question the description given by the officers, of appellant's statement, conduct, appearance or attitude.

Appellant did not testify. Her only witness was her husband, who expressed the opinion that her condition was not due to drink but to her physical and mental condition. He accounted for the smell of alcohol upon her breath by the fact of her having taken one or two drinks.

In the light of the testimony and the argument which was

made, we cannot agree that the remark of the trial judge contributed to cause the jury to accept the conclusion of the state's witnesses that appellant was intoxicated and to reject the conclusion of her husband, that the emotional strain and nervous condition alone accounted for her behavior on the occasion in question.

Nor do we find any basis for believing that the remark of the court resulted in prejudice to appellant in the assessment by the jury of the $400 fine as punishment.

Unless there may be found in the remarks of the court a benefit to the state or an injury to the defendant which would not have been present had the court simply overruled the objection, we would not, under the rule stated, be authorized to reverse because such remark was made in violation of Art. 707 C.C.P.

We fail to find such injury and remain convinced that reversible error is not shown.

Appellant's motion for rehearing is overruled.