**Dewey Hobson CHAPMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 37100.

Court of Criminal Appeals of Texas.

Oct. 7, 1964.

Edward D. Michalek, Jr., Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Milton McCullough, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is under Art. 802b, Vernon's Ann.P.C., for the subsequent offense of drunken driving; the punishment, six months in jail.

The state's evidence was undisputed that on the day in question, the appellant, while driving his automobile upon a public street and highway in the city of Houston, struck the rear of another motor vehicle which had stopped at a street intersection for a traffic light.

Officers Campbell and Sevcik, who went to the scene some fifteen minutes after the collision and took appellant into custody, testified that when they arrived appellant was seated in his automobile and had a laceration in his mouth. The officers, in describing appellant's actions and appearance at the time, testified that he had a strong odor of alcohol on his breath, his face was flushed, his speech was "slurred," that he staggered when he walked, and both expressed the opinion that he was intoxicated.

A blood specimen taken from appellant, with his consent, was analyzed for its alcoholic content by chemist and toxicologist Robert F. Crawford, of the Houston police department. Chemist Crawford testified that the chemical analysis run upon the specimen revealed that it contained twenty-five hundredths percent alcohol by weight and that any person with such

concentration of alcohol in the blood would be intoxicated.

The prior alleged misdemeanor conviction for driving while intoxicated was established by stipulation of the parties.

Appellant did not testify or call any witnesses in his behalf.

Appellant's sole complaint on appeal is to a certain comment made by the court during his cross-examination of chemist Crawford, which he insists presents reversible error under the provisions of Art. 707, Vernon's Ann.C.C.P.

The record reflects that while appellant was questioning the chemist with reference to how long a certain colorimeter used in making the alcohol tests had been in the police laboratory, the following transpired:

"Q. This colorimeter, is this an item that's been at the police station for some time or is it a newly acquired piece of equipment? A. It's been in the laboratory for a number of years.

"Q. Has it been there ever since you have been there?

"The Court: Counsel, this is all interesting to the jury, I am sure, but in the interest of time I wish you would develop the material facts.

"Mr. Michalek [counsel]: If it please the Court—* * *."

Thereupon, the jury was retired, and appellant objected to the comment of the court and asked for a mistrial on the ground that it placed him in a position of "doing something that might be petty or might * * * give it a degree of pettiness." The motion for mistrial was overruled and when the jury returned to the courtroom it was instructed by the court as follows:

"Ladies and gentlemen of the jury, any comments of the Court you will not consider as any evidence whatsoever in this case."

Under the record, we fail to perceive any benefit to the state or injury to appellant by

reason of the court's comment. In the absence thereof, no reversible error is presented. Huckert v. State, 159 Tex.Cr.R. 368, 264 S.W.2d 121.

 Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.