Affirmed and Opinion filed October 17, 2002









Affirmed
and Opinion filed October 17, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00987-CR

____________

 

WILLIAM JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS , Appellee

 



 

On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 39,950

 



 

O P I N I O N

Appellant, William Johnson, appeals his conviction by a jury
of the offense of assault on a public servant. 
See Texas Penal Code Ann.
' 22.01(B) (Vernon 2002).  The jury assessed appellant’s punishment at
life in the Institutional Division of the Texas Department of Criminal
Justice.  Appellant asserts three points
of error.  We affirm. 

PROCEDURAL HISTORY








Appellant was indicted as an habitual offender January 10,
2001, in the 23rd Judicial District Court of Brazoria County, Texas, for the
offense of assault on a public servant that occurred November 23, 1999.  A jury trial began on July 17, 2001.  Appellant was convicted and sentenced to life
in the Institutional Division of the Texas Department of Criminal Justice on
July 18, 2001.  The trial court overruled
Appellant’s Motion for a New Trial on August 27, 2001.  Appellant brings this appeal.

STATEMENT OF FACTS

The offense for which appellant stands convicted occurred at
the Retrieve Unit of Texas Department of Criminal Justice (TDCJ), in Brazoria
County, Texas.  Correctional officer Gay
L. Miles was working a shift that began at 9:30 p.m. and ended at 6:00
a.m.  Her duties included counting
inmates and maintaining custody of the inmates. 
She was assigned to 3-Wing.

At approximately 12:45 a.m., Miles was passing out “lay-in”
appointment forms to various inmates when she observed an inmate with his penis
hanging out of the bars of his cell. 
From the bed roster, Miles identified the inmate as being the
appellant.  She informed him that she was
going to write up a disciplinary case for the conduct she had observed, and
left. 

At around 1:30 a.m., Miles returned to 3-Wing to perform an
inmate count.  When she got to appellant=s cell, appellant reached through the
bars of the cell door and struck Miles on the right side of her face with a
closed fist.  Appellant then told Miles, “Write
that up, Bitch.” Miles then went downstairs and notified her supervisor of the
incident.  She finished her shift for
that evening.  The next day, Miles saw a
doctor for the pain and swelling on the right side of her face.  Although she filed a worker’s compensation
claim, she did not take any time off from work. 








At trial, appellant’s defensive theory was that the assault
did not actually happen.  He sought to
establish that the alleged assault was being used by Miles as an opportunity to
file a false worker’s compensation claim. 
To bolster his claim, he sought to introduce evidence and cross-examine
Miles regarding a 1994 incident in which Miles was reprimanded by TDCJ for
improper compliance with state safety procedures.  In that incident, Miles injured her foot
while rising from a table during a break period, missed a day of work, and
filed a worker’s compensation claim. 
Because the injury occurred during Miles’s
break and as a result of her own negligence, the claim
was denied, and TDCJ gave Miles a reprimand for “failure to follow proper
safety procedures.”  

At a pretrial hearing in appellant’s case, defense counsel
argued that evidence of Miles’s 1994 reprimand went
to the heart of his client’s defense and so should be admitted. The trial court
nevertheless granted the State=s motion in limine, requiring defense counsel to approach the
bench prior to any discussion of the 1994 claim.

At trial, Miles testified that she had filed a worker’s
compensation claim for the incident with appellant and that she saw a doctor
for her injuries.  Appellant sought to
admit documents regarding the 1994 incident but the trial court sustained the
State’s objection on grounds of relevance. 
Defense counsel included the evidence in an offer of proof.[1]


During its deliberations in the guilt-innocence phase of
appellant’s trial, the jury sent a note to the trial court asking several
questions.  In one question, jurors asked
for records verifying that Miles took time off from work and applied for worker’s
compensation; in a second, they asked that testimony be read back to them
regarding events occurring immediately after the alleged assault.  Responding to the first question, the trial
court explained that jurors already had all the evidence that had been
introduced; responding to the second, it explained that jurors could not hear
testimony unless there was a dispute regarding that testimony’s content. 








As a result of the trial court’s instructions, jurors sent a
second note requesting that testimony be read back to them.  To clarify the portion jurors wished to hear
and to confirm that a dispute existed regarding this testimony, the trial court
asked several questions.  After jurors
agreed there was a dispute, the court reporter was instructed to read testimony
back to the jury regarding not only what happened after the alleged
assault, but also about what was said. 
Appellant objected and was overruled.

The jury returned a guilty verdict and assessed punishment at
life imprisonment. 

ISSUES PRESENTED FOR APPEAL

Appellant asserts three points of error on appeal:  (1) the trial court abused its discretion and
violated appellant’s Sixth Amendment right to confrontation when it disallowed
cross-examination of Miles regarding the 1994 reprimand; (2) the trial court,
in responding to the jury’s request for evidence regarding Miles’s
worker=s compensation claim, made an improper
comment on the evidence and violated appellant=s right to a fair and impartial
trial; and (3) the trial court abused its discretion and made an improper
comment on the evidence when it clarified testimony the jury wished to hear.

EXCLUSION OF EVIDENCE REGARDING 

VICTIM’S 1994 REPRIMAND

 

Citing Texas Rules of Evidence 608(b) and 613(b), appellant
asserts in his first point of error that his rights were violated by the trial
court’s refusal to admit evidence and to allow cross-examination showing the
victim was once reprimanded for filing a “non-work related” worker’s
compensation claim.  Appellant argues
that his defense theory was jeopardized by the trial court’s decision, and his
Sixth Amendment right to confrontation was violated.

1.         Standard of
Review








The scope of cross-examination for the showing of bias or
prejudice rests in the sound discretion of the trial court.  Lape v.
State, 893 S.W.2d 949, 955 (Tex. App.CHouston [14th Dist.] 1994, pet. ref’d).  The trial court=s determination is not reversible
unless the appellant shows a clear abuse of discretion.  Id. at 955.  Johnson v. State, 698 S.W.2d 154, 160
(Tex. Crim. App. 1985).  The test for
abuse of discretion is whether the trial court acted without reference to any
rules or principles.  Megason
v. State, 19 S.W.3d 883, 889 (Tex. App.CTexarkana 2000, pet ref’d).  The mere fact that a trial judge may decide a
matter within its discretionary authority differently than an appellate judge
does not demonstrate such abuse.  Id.
at 889; Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

2.         Discussion

Evidence of specific instances of conduct are inadmissible
for the purpose of attacking a witness’s general character for
truthfulness.  Tex. R. Evid. 608(b). 
However, specific instances of conduct are admissible for the purpose of
attacking a witness’s trustworthiness in a particular case, because of bias or
interest.  Tex. R. Evid. 613(b); Dixon v. State, 2 S.W.3d 263,
271 (Tex. Crim. App. 1999). Indeed, the allowance of specific instances of
conduct to establish bias or motive on the part of a witness against the
accused is constitutionally required by the Sixth Amendment right to
confrontation.  U.S. Const. amend. VI.

The appellant shoulders the burden of showing the relevance
of particular evidence  to the issue of
bias or prejudice.  Lape,
893 S.W.2d at 955; Chambers v. State, 866 S.W.2d 9, 26B27 (Tex. Crim. App. 1993).  Evidence is relevant if it has any tendency
to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the
evidence.  Tex. R. Evid. 401; DeLeon
v. State, 77 S.W.3d 300, 309 (Tex. App.CAustin 2001, pet. ref=d).








To show relevance to the issue of bias or prejudice,
appellant must show a specific connection between the witness=s testimony and the cause disclosing
an actual bias or motive. Willingham v. State, 897 S.W.2d 351, 358 (Tex.
Crim. App. 1995).  While an appellant
should be given great latitude in cross-examining witnesses in order to reveal
possible bias, prejudice, or self-interest, the burden of showing the relevance
of particular evidence to the issue of bias or prejudice rests on the
proponent.  Chambers, 866 S.W.2d
at 26B27; Lape,
893 S.W.2d at 955.  

In the instant case, appellant cannot show the relevance of Miles’s 1994 reprimand to his defense strategy.  The incident occurred five years before the
alleged assault by appellant. The injuries complained of by Miles in 1994 were
not caused by confrontation with an inmate; they were caused by Miles’s own negligence. 
The 1994 claim was not denied because TDCJ determined it never occurred;
it was denied because TDCJ determined it occurred during Miles’s
break period and had nothing to do with work-related duties.  The reprimand Miles received in 1994 was not
for fabricating the injury, as appellant asserts; it was for not following
proper safety procedures.   

The scope of cross-examination of witnesses in a criminal
trial is broad.  Carroll v. State,
916 S.W.2d 494, 497 (Tex. Crim. App. 1996). 
A defendant is entitled to pursue all avenues of cross-examination
reasonably calculated to expose bias.  Id.
at 497.  However, there are areas where
cross-examination may be inappropriate, and in those situations, the trial
court has the discretion to limit cross-examination.  Id. at 498 (citing Delaware v. Van Arsdall, 475 U.S. 673 (1986)).  

Here, cross-examination of Miles regarding a reprimand that
occurred five years before appellant’s offense would not have produced evidence
relevant to the issue of appellant’s guilt on the charged offense.  Nothing regarding Miles’s
reprimand could be used to demonstrate Miles had a bias, prejudice, or motive
to shade her testimony for the purpose of helping establish her side of the cause.  See Carroll, 916 S.W.2d at 498.  Because cross-examination of Miles on this
issue would have been inappropriate, limitation of such was not an abuse of
discretion.  

Accordingly, we overrule appellant’s first point of error.








TRIAL COURT’S RESPONSE TO JURY’S REQUEST

FOR NON-RECORD EVIDENCE

 

In his second point of error, appellant asserts that the
trial court’s response to the jury’s request to review evidence pertaining to
the victim=s worker’s compensation claim was an
improper comment on the evidence. 
Specifically, appellant takes exception to the trial court’s elaboration
of the instruction that jurors cannot request records not in evidence: “You’re
asking for records, and see, they weren=t introduced into evidence, so we can’t
goCif there are any records that exist,
we can=t go dig them up and bring them in to
you now.”  Such a statement, argues
appellant, implies no worker’s compensation records exist when, in fact, they
do; thus, he argues it violates appellant’s right to a fair and impartial
trial.

However, a timely and reasonably specific objection is
required to preserve error for appellate review.  Tex.
R. App. P. 33.1; Butler v. State, 872 S.W.2d 227, 236 (Tex. Crim.
App. 1994).  Here, appellant made no
objection at the time the trial court made its statement. Therefore, appellant
preserved nothing for review.  

We overrule appellant’s second point of error.  

TRIAL COURT’S RESPONSE TO JURY’S REQUEST

TO REHEAR CERTAIN TESTIMONY

 

In his third point of error, appellant asserts the trial court abused its
discretion and made an improper comment on the evidence when it queried jurors
about the testimony they wanted read back to them.  Appellant asserts the trial court “suggested”
jurors hear what was said after the incident as well as what happened.

1.         Standard of Review








A reviewing court is not to disturb a trial court’s decision
on a request to have disputed testimony of a witness read to the jury unless a
clear abuse of discretion and harm is shown. 
DeGraff v. State, 934 S.W.2d
687, 688 (Tex. Crim. App. 1996); Megason,19 S.W.3d at 888.  As stated earlier, the test for an abuse of
discretion is whether the trial court acted without reference to any guiding
rules or principles.  Id. at 889. 

Comments on the evidence ordinarily constitute reversible
error.  Newton v. State, 202
S.W.2d 921, 927B928 (Tex. Crim. App. 1947); Green v. State, 226 S.W.2d
454, 455 (Tex. Crim. App. 1950).  To
determine whether a trial court’s comments on the evidence prejudiced a
litigant’s rights, the reviewing court considers consequences that probably
resulted from the trial court’s comments; error is harmless if the reviewing
court determines beyond a reasonable doubt that the trial court’s error made no
contribution to the conviction.  Clark
v. State, 878 S.W.2d 224, 226 (Tex. App.CDallas 1994, no pet.).

2.         Discussion

Appellant misstates the evidence.  Rather than abusing its discretion and making
an improper comment on the evidence, the trial court took great care to follow
the letter of the law as stated in Article 36.28 of the Texas Code of Criminal
Procedure. 

Article 36.28 provides that “[i]f the jury disagree as to the
statement of any witness they may, upon applying to the court, have read to
them from the court reporter=s notes, that part of such witness testimony or the
particular point in dispute, and no other.”  Tex.
Crim. Proc. Code Ann. ' 36.28 (Vernon 2002). 
Simple requests for testimony do not, by themselves, reflect
disagreement (implicit or express) and are not proper requests under Article
36.28.  DeGraff
v. State, 962 S.W.2d 596, 598 (Tex. Crim. App. 1998); Rodriguez v. State,
995 S.W.2d 876, 878 (Tex. App.CHouston [1st Dist.] 1999, pet. ref’d).  








Determining whether a dispute exists is left to the sound
discretion of the trial court.  Robison
v. State, 888 S.W.2d 473, 480 (Tex. Crim. App. 1994); Fernandez v.
State, 915 S.W.2d 572, 574 (Tex. App.CSan Antonio 1996, no pet.).  Additionally, a dispute over specific
testimony may be inferred where a jury requests a specific portion of testimony
after a trial court’s instruction in response to a jury’s first request for
testimony that the testimony cannot be read back to them absent a specific
disagreement or dispute.  See Walker
v. State, 994 S.W.2d 199, 204B05 (Tex. App.CHouston [1st Dist.] 1999, pet. ref’d);
Meeks v. State, 897 S.W.2d 950, 956 (Tex. App.CFort Worth 1995, no pet.).  

Once it is determined that a jury’s request is proper under
Article 36.28Cnamely, that a dispute existsCthe trial court must then interpret
the communication, decide what sections of testimony best answer the query, and
limit testimony accordingly.  Iness v. State, 606 S.W.2d 306, 314 (Tex.
Crim. App. 1980); Brown v. State, 870 S.W.2d 53, 55 (Tex. Crim. App.
1994).  

Here, the trial court denied jurors’ original request to have
testimony read back to them.  He
explained the law requiring the need for a dispute and the jury retired for
further deliberation.  Upon jurors’
return and a repeated request to have testimony read, the trial court asked
four questions to clarify that a dispute existed with regard to what was said
after the assault.  The judge asked:

(1)       “You’re not asking what was said immediately after, you’re
asking what happened.  Is that right?”

(2)       “Do you all agree with that, you’re in controversy about what
was said?”

(3)       “Well, in other words, you=re in
dispute about what it was?”

(4)       “And again,
those are matters that were in dispute?”

While appellant makes the conclusory remark that the trial
court “suggested” jurors hear additional testimony, we interpret the judge’s
remarks to be an attempt to clarify exactly what the jurors wished to
hear.  Seeking such a clarification is
not only something the trial court has a right to do, it is something the trial
court has an obligation to do.  

We overrule appellant’s third point of error.








CONCLUSION

We overrule appellant’s three points of error and affirm the
jury’s conviction of appellant of the offense of assault on a public
servant.  

 

 

/s/        John S. Anderson

Justice

 

 

 

Judgment rendered
and Opinion filed October 17, 2002.

Panel consists of
Justices Yates, Anderson, and Frost.

Do Not Publish C Tex.
R. App. P. 47.3(b).

 











[1]  Appellant’s
offer of proof consisted of a copy of Miles’s
reprimand.  In addition, appellant included
Miles’s testimony that she had filed a worker=s compensation claim based on the 1994 incident
and that she was reprimanded for the incident.