**Opinion issued October 9, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00826-CR

———————————

**FELIPE ROMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1757968**

---

## MEMORANDUM OPINION

Felipe Roman appeals his conviction for continuous sexual abuse of a child under fourteen. He contends the trial court impermissibly commented on the evidence when it ruled on his objection to the State's closing argument, thus violating his statutory and constitutional rights. We affirm.

## Background

The State alleged that Roman had oral and anal sex with the complainant, a child whose mother was in a relationship with Roman, several times over the course of nine years, beginning when the complainant was six or seven years old and continuing until he turned thirteen. According to the complainant, the abuse occurred when Roman was drunk and the complainant's mother was not at home.

The complainant testified that he saw Roman commit other acts of sexual abuse against his sister. The complainant's sister corroborated this testimony when she told the jury that Roman performed oral sex on her when she was in elementary school, began having vaginal sex with her after she entered middle school, showed her pornography, and forced her to masturbate him. She told the jury that she, likewise, had witnessed Roman abuse her brother.

Several years later, after she had graduated from high school, the complainant's sister drove home intoxicated and got into an argument with her mother. During the argument, the complainant's sister told her mother about the abuse. Their mother called police, who investigated and ultimately charged Roman for continuous sexual abuse of the complainant.

Roman pleaded not guilty. At trial, he presented testimony from his family members who claimed the complainant and his sister had reputations for not telling the truth and contradicted some of their testimony. Specifically, Roman's family

2

members testified that they had lived with Roman and the complainant's family during some of the years that the abuse occurred, and in their recollection, the complainant's mother did not work and was always home. In contrast, Roman worked two jobs and was rarely home except to sleep. Roman also testified, confirming his work schedule during the relevant time and denying that he sexually abused either the complainant or the complainant's sister.

Before discussing the specific evidence, the prosecutor began his closing argument in the guilt-innocence phase of trial with statements related to memory and punishment of "molesters of children":

> Drunk words are sober thoughts. We all heard that before, right? Drunk words are sober thoughts.
>
> We have talked a lot about memory in this case. We talked about memory in voir dire. If I walked all 65 of you up on this stand and asked you, Tell me every detail of every sexual experience that you ever had since the time that you started having sex, I guarantee you none of you would be able to tell me – that is, except for maybe Juror No. 27, who has an impeccable memory.
>
> If I had also asked all 65 of you, [w]hat should we do with pedophiles? What should we do with molesters of children? I would have gotten 65 different answers; but, I assume, I anticipate that would have included castrating, putting him under the jail, killing him, hanging him. All of those things.

Defense counsel objected that the argument was improper. The trial court responded, "Reasonable inference from the evidence. Overruled." Defense counsel did not make any further objection, and the State continued its closing argument,

3

remarking that it would have expected to get "65 different answers" to the question of what to do with child molesters and asking, "What is Harris County going to do?"

After deliberating, the jury found Roman guilty and assessed punishment at 30 years in prison. Roman timely appealed.

## Trial Court's Comment While Ruling on Objection

In two issues, Roman contends the trial court's comment while overruling his objection to the State's closing argument—"reasonable inference from the evidence"—violated article 38.05 of the Texas Code of Criminal Procedure and deprived him of the constitutional right to a fair trial from an impartial judge as well as the presumption of innocence. The State responds that these issues are not preserved because Roman did not object in the trial court that the comment was impermissible on statutory or constitutional grounds, and not meritorious because the trial court merely stated its reason for overruling the objection to the State's closing and did not comment on the evidence.

### A.     Statutory complaint

We first consider Roman's contention that the trial court impermissibly commented on the weight of the evidence in violation of article 38.05.

Roman did not object under article 38.05 in the trial court, which is ordinarily required to complain about an issue on appeal. *See* TEX. R. APP. P. 33.1(a) (to preserve error for appellate review, appellant must assert complaint in trial court by

timely request, objection, or motion); *see also Proenza v. State*, 541 S.W.3d 786, 797 (Tex. Crim. App. 2017) (rejecting common-law "fundamental error" exception to general rules of error preservation).

But article 38.05 is an exception. "That article generally prohibits the trial court from expressing its thoughts on a case to the jury." *Rodriguez v. State*, No. 01-23-00664-CR, 2025 WL 1335328, at *1 (Tex. App.—Houston [1st Dist.] May 8, 2025, pet. filed). It provides:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

TEX. CODE CRIM. PROC. art. 38.05.

The Court of Criminal Appeals has explained that violations of article 38.05 may be raised for the first time on appeal because compliance is "fundamental to the proper functioning of our adjudicatory system, such that it should enjoy special protection on par with other non-forfeitable rights."[1] *Proenza*, 541 S.W.3d at 798–99 (internal quotations omitted). This is so because article 38.05 "protect[s] the

---

[1] In criminal trials in Texas, there are three categories of error preservation, depending on whether the violation was of: (1) an absolute requirement or prohibition, (2) a right of the defendant that must be implemented by the system unless expressly waived, or (3) a right of the defendant that is to be implemented upon request. *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). Under *Marin*, the requirement that an appellant raise a timely and specific objection does not apply to the first two categories of claimed errors. *Id.* at 280.

perception of the trial judge's impartiality in front of the jury." *Id.* at 799; *see Simon v. State*, 203 S.W.3d 581, 589 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (trial judge must maintain attitude of impartiality through trial).

Whether the trial court violated article 38.05 is a question of law that we review de novo. *Costilla v. State*, 650 S.W.3d 201, 218 (Tex. App.—Houston [1st Dist.] 2021, no pet.). We first determine whether the trial court's comments were, in fact, improper. *Moore v. State*, 624 S.W.3d 676, 681 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). If so, we decide whether the comments were material. *Id.* If the comments were both improper and material, we analyze harm using the standard for non-constitutional error. *See Proenza*, 541 S.W.3d at 801; *see also* TEX. R. APP. P. 44.2(b).

Here, we do not reach the issue of harm because we conclude the trial court did not violate article 38.05. The comment was not made while ruling on the admissibility of evidence, nor did it convey an opinion about the case.

The trial court commented in connection with its ruling on Roman's objection to improper jury argument. As the State points out, proper jury argument generally falls within one of four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to an argument of opposing counsel, and (4) plea for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011). In commenting "reasonable inference from the evidence" immediately

before "overruled," the trial court indicated the category under which it concluded the argument was permissible.

Although Roman recognizes the trial court's comment as expressing the trial court's reason for overruling his objection, he argued the comment was nevertheless improper because it implied approval of the State's argument. *See, e.g.*, *Simon*, 203 S.W.3d at 590 ("The trial court improperly comments on the weight of the evidence if it makes a statement that *implies approval of the State's argument*, indicates disbelief in the defendant's position, or diminishes the credibility of the defense's approach to the case." (emphasis added)). According to Roman,

> When a trial judge declares that an argument is a 'reasonable inference' or a 'reasonable deduction' from the evidence, that legal rationale tells the jury that the judge believes the argument is reasonable and thus worthy of belief. It necessarily comments on the weight of the evidence because it's the same as the judge telling the jury that he or she thinks the argument is credible. The legal basis for the ruling cannot be separated from the judge's opinion that argument is reasonable; they are one and the same.

In support, Roman cites *Ward v. State*, a case involving the aggravated assault of a toddler. 243 S.W.2d 695 (Tex. Crim. App. 1951). In *Ward*, there was conflicting evidence on whether the child's injury was inflicted "by the switch in the hands of appellant or by the child's falling from a high chair." *Id.* at 696. When the prosecutor argued to the jury in closing that, "[i]f that switch had gone another inch over, you would be trying the man for a baby that is blinded in one eye," appellant objected. *Id.* The trial court overruled the objection, remarking: "Well, counsel, I

7

think it is a reasonable deduction from the testimony." *Id.* The Court of Criminal Appeals held the trial court's remark was an improper comment on the weight of the evidence because it expressed approval of the prosecutor's argument. *Id.*[2]

Roman also relies on two opinions from our sister court in Houston. First, in *Moore v. State*, the Fourteenth Court reversed a conviction in a "he said/she said" family-violence case because the trial court violated article 38.05 when it made a series of improper comments during appellant's cross-examination of the complainant. *See* 624 S.W.3d at 681–86. Specifically, the trial court made several comments casting doubt on a particular line of impeachment questioning, stating, "I don't know where you're going with this," "I don't understand where you're going with this," and "You've asked her this question so many times." *Id.* at 681. The trial court also "twice suggested scenarios corroborating the complainant's account"

---

[2] The Court of Criminal Appeals has recognized that it "modified" the rule in *Ward* when it held in a later case "that the statement, 'I will overrule the objection on the basis that it was a logical conclusion from the evidence' did not constitute a comment on the weight of the evidence." *Beshears v. State*, 461 S.W.2d 122, 125 (Tex. Crim. App. 1970) (quoting *Huckert v. State*, 264 S.W.2d 121, 125 (Tex. Crim. App. 1954)). The court instructed, "'Unless there may be found in the remarks of the court a benefit to the state or an injury to the defendant which would not have been present had the court simply overruled the objection, we would not . . . be authorized to reverse because such remarks were made in violation of [the predecessor statute].'" *Id.* (quoting *Huckert*, 264 S.W.2d at 125); *see also Arnold v. State*, No. 01-86-0055-CR, 1987 WL 12336, at *2 (Tex. App.—Houston [1st Dist.] June 11, 1987, no pet.) (not designated for publication) (rejecting appellate issue complaining that trial court improperly commented on weight of evidence when, in overruling objection to State's closing argument, it remarked that State's argument "could be inferred from the record," because there was no evidence of injury to appellant or benefit to State).

8

of being assaulted by appellant. *Id.* The Fourteenth Court concluded these comments were improper because they "strongly indicated" the judge's disbelief in the defense's position and diminished the credibility of the defense's approach. *Id.* at 681–82. And they were material because the jury had to consider the same issues in evaluating the credibility and weight of the evidence. The court explained that the trial court "denigrated appellant's attempts to impeach the complainant and supported the complainant's testimony with its own hypotheticals," thus invading the province of the jury, and did so during the testimony of the State's key witness. *Id.* at 682.

Second, in *Simon v. State*, the Fourteenth Court reversed a DWI conviction because the trial court's comments suggesting the older breath-test machine appellant used was as reliable as a newer breath-test machine and offering its own reasons why the State did not use the newer model violated article 38.05. *See* 203 S.W.3d at 592–94. The court held the comments were improper because they indicated a disbelief in the defense's challenge to the validity of the breath test and implied approval of the State's position. *Id.* at 591–92. And the comments were material because whether appellant was intoxicated was a disputed issue for the jury, and the trial court's comments on the differences between breath-test machines, as well as the purported reasons the police department did not have the newer model, were directly related to this material issue. *Id.* at 592.

9

Roman asserts that *Ward*, *Moore*, and *Smith* compel reversal of his conviction because, by telling the jury the State's argument was a "reasonable inference from the evidence," the trial court "expressed his opinion on the very issue of guilt or innocence that the jury was asked to decide." We disagree.

Even if we assume the trial court's comment was improper because it implied support for the State's argument, we must ask, "Support of what?" in considering materiality. *See Simon*, 203 S.W.3d at 592 ("A matter is material if the jury had the same issue before it."). The jury had to decide whether Roman was guilty or not guilty on the charge of continuous sexual abuse of a child. A person commits that offense if: (1) during a period that is thirty or more days in duration, he commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and (2) at the time of the commission of each of the acts of sexual abuse, the actor is seventeen or older and the victim is a child younger than fourteen. *See* TEX. PENAL CODE § 21.02(b).

Unlike in *Ward*, *Moore*, and *Simon*, the trial court's comment here did not relate to the credibility of any disputed evidence or the proof of any element of the offense, such as whether any acts of abuse occurred, how many, how long the abuse lasted, or how old the children and Roman were at the time. Instead, the trial court commented at the beginning of the State's closing—before any discussion of specific evidence or even mention of Roman himself—in connection with the State's

10

rhetorical question about the varied (and likely strong) opinions a venire panel of sixty-five individuals might hold about punishing people who sexually abuse children:

> If I had also asked all 65 of you, [w]hat should we do with pedophiles? What should we do with molesters of children? I would have gotten 65 different answers; but, I assume, I anticipate that would have included castrating, putting him under the jail, killing him, hanging him. All of those things.

Without expressing any opinion on whether the State's argument was proper or the trial court's ruling was legally erroneous,[3] we conclude the trial court's comment was not material in the same way as the comments in *Ward*, *Moore*, and *Simon*. The comment did not indicate the trial court believed, as Roman asserts on appeal, that Roman deserved "castration or death." At worst, the trial court's comment impliedly approved of the State's suggestion that people likely have strong opinions about punishment in child molestation cases.[4] Because the trial court's remark did not convey any opinion of Roman's guilt or innocence, we conclude it did not violate article 38.05. We overrule that part of Roman's first issue asserting a statutory violation.

---

[3]     Roman does not complain on appeal that the trial court erred by overruling his objection to improper jury argument.

[4]     We note that, during voir dire, both the State and defense talked about the seriousness of the offense, with defense even acknowledging that the venire members might "all have strong feelings."

## B.     Constitutional complaints

We next turn to Roman's constitutional contention that the trial court's comment amounted to structural error that deprived him of his due process right to a fair trial from an impartial judge and destroyed the presumption of innocence.

Roman did not object to the trial court's comment on constitutional grounds in the trial court. The Court of Criminal Appeals has not definitively decided "whether a litigant may raise a constitutional complaint about an improper judicial remark if he did not complain about the remark on this basis at trial." *Irsan v. State*, 708 S.W.3d 584, 607 (Tex. Crim. App. 2025) (comparing *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013) ("Ordinarily, a complaint regarding an improper judicial comment must be preserved at trial."), *with Proenza*, 541 S.W.3d 786, 802 (Tex. Crim. App. 2017) ("[C]laims brought *under Article 38.05* are not . . . subject to forfeiture by inaction.") (emphasis added by *Irsan* court)). As the court did recently in *Irsan*, we assume without deciding that Roman is entitled to appellate review of his constitutional complaint.

The federal and state constitutions, respectively, protect a criminal defendant's right to due process and due course of law. *See* U.S. CONST. amend. V, XIV; TEX. CONST. art I, § 10; *see Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999) ("Under the Due Process Clause of the Fourteenth Amendment, all persons are presumed innocent, and no person may be convicted unless each element of the

12

offense is proved by the prosecution beyond a reasonable doubt."). The Supreme Court of the United States has determined that the violation of certain constitutional rights can create fundamental error, which the Court defined as "structural defects in the constitution of the trial mechanism."[5] *See, e.g.*, *Arizona v. Fulminante*, 499 U.S. 279, 309–10 (1991). Such fundamental constitutional rights include the right to an impartial judge. *Id.*; *see also Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (due process requires a neutral and detached judge).

In addition to the fundamental errors described by the Supreme Court, a plurality of the Court of Criminal Appeals held an error of constitutional dimension exists if a trial court makes a comment that taints the presumption of innocence. *Blue v. State*, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (plurality op.); *see also Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001) (comments that do not bear on the presumption of innocence or vitiate the impartiality of the jury do not rise to the level of fundamental error).

For the same reasons the trial court's comment cannot be said to have violated article 38.05, it cannot be said to rise to such a level as to violate Roman's constitutional right to due process, his right to an impartial judge, or the presumption

---

[5] By discussing "fundamental error," we are essentially discussing a *Marin* category-one or category-two claim. *See Proenza*, 541 S.W.3d at 794 ("[T]o say that an error is 'fundamental' in this sense is functionally the same as saying that it is a *Marin* category-one or category-two claim.").

of his innocence. As discussed, the trial court did not comment on whether Roman was guilty of continuous sexual abuse of a child. *Cf. Blue*, 41 S.W.3d at 132 (court tainted presumption of innocence when it told jury that defendant had sought plea bargain and that court wished defendant had pleaded guilty). Additionally, the trial court instructed the jury in its charge that Roman is presumed innocent:

> A Grand Jury indictment is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the question of guilt of the defendant. The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.
>
> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.
>
> The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

We presume the jury understood and followed these instructions. *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005); *Wappler v. State*, 183 S.W.3d 765, 780 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).

In short, even if the trial court agreed that people hold strong opinions about punishment of sexual offenses against children, the comment does not "translate to

14

an indication as to the judge's views about [Roman's] guilt or innocence." *Jasper*, 61 S.W.3d at 421. We cannot say that the trial court's comment tainted the presumption of innocence for the charged offense or in any way suggested that the trial court was not impartial. *See, e.g.*, *Weber v. State*, 2003 WL 1086598, at *2 (Tex. App.—Houston [14th Dist.] Mar. 13, 2003, pet. ref'd) (mem. op., not designated for publication). Thus, regardless of any preservation issue, Roman has not shown that he is entitled to reversal on constitutional grounds.

We overrule that part of Roman's first issue complaining that the trial court's comment violated his constitutional rights.[6]

## Conclusion

We affirm the trial court's judgement.


Andrew Johnson
Justice

Panel consists of Justices Guerra, Guiney, and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[6] Considering our disposition, we do not reach Roman's second issue on harm. *See* TEX. R. APP. P. 47.1.