Raymond Carl MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–369–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 16, 1989.

Rehearing Overruled Dec. 14, 1989.

**498**

Charles F. Baird, Dick Psenda, Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

A jury found appellant guilty of possessing cocaine and assessed punishment at 25 years in prison and a $3,000 fine. We affirm.

In his first two points of error, appellant contends the search of his vehicle violated the State and Federal Constitutions because it was conducted without a warrant in the absence of exigent circumstances. The State contends that the search was justified under the "automobile exception" to the warrant requirement.[1]

Although some of the facts surrounding appellant's arrest were disputed at trial, we will briefly summarize the facts in the light most favorable to the State. Officer B.L. McFaddin testified that he received information from a reliable confidential informant that appellant was en route to a store in the 2400 block of Dowling Street in Houston to deliver some cocaine to a black man named Earl. McFaddin had seen appellant on prior occasions and knew him by sight and name. McFaddin had also seen appellant drive the pickup on previous occasions, had checked the registration, and knew the vehicle was not registered to appellant. The informant said that the cocaine would be under the hood of appellant's black pickup and that appellant would be wearing a straw hat and light blue shirt. McFaddin went to the described location, an area well-known for drug trafficking, and saw appellant arrive

---

1. Appellant properly raises State and federal constitutional grounds in separate points of error as required by *McCambridge v. State*, 712 S.W.2d 499, 501 n. 9 (Tex.Crim.App.1986). Because the Fourth Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution provide a person the same protections, *Eisenhauer v. State*, 754 S.W.2d 159, 162 (Tex.Crim.App.1988), we will address the points together. *See Boyle v. State*, no. 69,743, Slip Op. p. 1, n. 1 (Tex.Crim. App.1989).

in the black pickup about two minutes later. As appellant, who was dressed as the informant said, exited his vehicle, he walked up to a person standing on the street corner. The two appeared to exchange something. At this point, McFaddin and other officers approached appellant and arrested him. In the search of appellant's person, police discovered $3,652 in small bills and a plastic bag in appellant's sock containing 17 smaller baggies of white powder which appeared to be cocaine.

The police handcuffed appellant with his hands behind his back and placed him in a locked patrol unit. The police, who now had nine officers at the scene, took the keys to the locked pickup and searched the truck, which was parked about 30 feet from where the suspected exchange had occurred. Underneath the hood of the truck, by the battery, the police discovered a gray sack containing seven to eight ounces of cocaine. The sack had appellant's name on it and was dated four days prior.

McFaddin further testified that (1) the truck had an inside hood release; (2) the search was not an inventory search; (3) the truck was totally out of appellant's control when searched; (4) police never attempted to get a warrant; (5) no emergency existed to believe that the contraband would be destroyed; (6) no emergency existed which required an immediate search of the vehicle; (7) the vehicle was not registered to appellant but he had seen appellant driving the vehicle on five previous occasions; and (8) there were no other actors or accomplices involved in this drug transaction.

Appellant does not argue that the police lacked probable cause to search the vehicle. Instead he argues that because the search of the vehicle was not incident to arrest [2] and was not an inventory search, exigent circumstances had to exist for the search to be legal, and there were none.

A search or seizure effectuated without a warrant issued upon probable cause is "per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States,* 389 U.S.

347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). One recognized exception is the "automobile exception." *See Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The issue in the present case is whether the search of appellant's truck can be justified by the automobile exception.

Although some Texas authority, cited below, indicates that we should find the search improper, that authority predates *California v. Carney,* 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), wherein the Supreme Court upheld the warrantless search of a lawfully parked, but fully mobile motor home under the automobile exception. The Court based its decision on two rationales: the inherent mobility of vehicles and the reduced expectation of privacy accorded to them. Since *Carney,* the scope of the "automobile exception" has been debated. The Ninth Circuit has held that probable cause alone justifies the warrantless search of a vehicle. *United States v. Normandeau,* 800 F.2d 953, 957 (9th Cir.1986); *United States v. Bagley,* 772 F.2d 482, 491 (9th Cir.1985), *cert. denied,* 475 U.S. 1023, 106 S.Ct. 1215, 89 L.Ed.2d 326 (1986). The Eleventh Circuit, however, requires "a slight showing of exigency" and has criticized the Ninth Circuit for unnecessarily extending the automobile exception. *United States v. Alexander,* 835 F.2d 1406, 1410 (11th Cir.1988).

Some Texas cases preceding *Carney* held similar searches illegal where the mobility rationale was not sufficiently shown by the facts of the case. *See Hudson v. State,* 588 S.W.2d 348 (Tex.Crim.App.1979); *White v. State,* 521 S.W.2d 255 (Tex.Crim. App.1975), *rev'd,* 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); *Stoddard v. State,* 475 S.W.2d 744 (Tex.Crim.App.1972).

Cases upholding similar searches generally relied on facts which showed the automobile could have been moved, *see Harris v. State,* 486 S.W.2d 88 (Tex.Crim.App. 1972); *Fry v. State,* 493 S.W.2d 758 (Tex. Crim.App.1973); *Buitron v. State,* 519 S.W.2d 467 (Tex.Crim.App.1975), or the

---

2. *See Gauldin v. State,* 683 S.W.2d 411 (Tex. Crim.App.1984).

contraband taken. *See Nasta v. State*, 589 S.W.2d 434 (Tex.Crim.App.1979). *But see Montez v. State*, 608 S.W.2d 211 (Tex.Crim. App.1980).

Other Texas cases upholding a search have applied a principle stated in *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), that for constitutional purposes, there is no difference between seizing and holding a car before presenting the probable cause issue to a magistrate and carrying out an immediate search without a warrant. *See Delgado v. State*, 718 S.W.2d 718 (Tex.Crim.App.1986); *Scott v. State*, 531 S.W.2d 825 (Tex.Crim.App.1976).

Since the Texas Court of Criminal Appeals has held that Article I, section 9 of the Texas Constitution provides no greater protection than the 4th Amendment to the United States Constitution, *Eisenhauer v. State*, 754 S.W.2d 159, 162 (Tex.Crim.App. 1988), we will apply the standard set forth in *Carney* to determine if the facts in this case are sufficient to invoke the "automobile exception" as now defined and rationalized by the United States Supreme Court. In *Carney*, the Court stated:

> When a vehicle is being used on the highways, or if it is readily capable of such use and is found stationary in a place not regularly used for residential purposes—temporary or otherwise—the two justifications for the vehicle exception come into play.

*Carney* at 392–393.

■ First, we find that appellant's vehicle was being used on the highway. As noted above, appellant had just minutes before his arrest used his vehicle on the public highway. It remained parked on the public highway, where it was searched. Second, the vehicle was readily capable for use on the highway. The vehicle, of which appellant was not the registered owner, was parked on a public street. As in *Carney*, the vehicle was readily mobile with the turn of a key. It is constitutionally irrelevant that guards could have been posted on the vehicle to prevent its movement. *See Michigan v. Thomas*, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982). The vehicle in this case falls within the scope of the "vehicle exception." Thus, the only remaining issue is whether police had probable cause to believe contraband was located in the vehicle, an issue appellant does not contest.

■ As in *Carney*, the police had abundant probable cause to search the truck. Appellant had been arrested just a short distance from the vehicle for a criminal offense involving the same contraband that police believed was in the truck. These facts, coupled with the substantiated information from the informant, show that the police had probable cause that contraband was located in the vehicle. Since the two justifications for the vehicle exception set out in *Carney* had been met and probable cause existed to search the vehicle, we find that the police were not first required to secure a warrant before searching the vehicle. The same was permissible under the vehicle exception to the warrant requirement. Appellant's first two points of error are overruled.

■ In his third point of error, appellant contends that the trial court erred in allowing the State to introduce evidence that he had cocaine in his sock. Appellant claims this evidence shows an extraneous offense and should not have been admitted. We disagree. The cocaine found in appellant's sock, even if considered extraneous to the cocaine found in his truck, is so closely interwoven with the facts of the latter offense that it was properly admitted. *See Moreno v. State*, 721 S.W.2d 295, 301 (Tex. Crim.App.1986). Appellant's third point of error is overruled.

■ In his fourth and fifth points of error appellant contends that the trial court erred in refusing to give a limiting instruction concerning the above extraneous offense at the guilt and punishment phases of trial. Assuming the cocaine in appellant's sock constitutes an extraneous offense, we find no error. It is not necessary for the trial court to give a limiting instruction on an extraneous offense which constitutes part of the res gestae of the offense for which an accused is on trial. *Luck v. State*, 588 S.W.2d 371, 375–376 (Tex.Crim.

App.1979). Appellant's fourth and fifth points are overruled.

In his sixth point of error, appellant contends the State urged the jury to assess punishment for a collateral crime, appellant's possession of cocaine in his sock. It is improper for the prosecutor to argue that the jury should assess punishment for extraneous offenses. *Wilkerson v. State,* 736 S.W.2d 656, 660 (Tex.Crim. App.1987). The prosecutor, in argument, stated:

> What this defendant has under the hood of his truck is this hugh (sic) amount of cocaine. There this defendant is walking up and down the street. You have cocaine in his sock and you have that big amount under his hood. The judge has told you if you find true to the enhancement paragraph as to the prior felony conviction, the minimum—

Appellant then objected that the State was alluding to collateral crimes in assessment of punishment. We disagree with appellant's contention that the argument was improper. Evidence that appellant had cocaine in his sock was properly admitted during trial. Jury argument may summarize the evidence. *Alejandro v. State,* 493 S.W.2d 230, 231–232 (Tex.Crim.App.1973). What the State may not do is ask the jury to assess a greater punishment because of the defendant's commission of extraneous offenses. *Lomas v. State,* 707 S.W.2d 566, 568–570 (Tex.Crim.App.1986). The State's argument in this case did not do that. The prosecutor did nothing more than summarize the evidence. Appellant's sixth point of error is overruled.

In his seventh and eighth points of error, appellant contends the trial court erred in granting two of the State challenges to prospective jurors. The State argues that no reversible error occurred here because the State only used eight of its ten peremptory challenges, thereby rendering error, if any, harmless. We agree. The jury strike list contained in the transcript shows that the State used only eight strikes. Therefore, if the trial court erred in its ruling on both challenges, no reversible error occurred because the State did not receive more than its ten allotted peremptory strikes. *See Goodman v. State,* 701 S.W.2d 850 (Tex.Crim.App.1985). Appellant's seventh and eighth points of error are overruled.

In his ninth and tenth points of error, appellant contends that the trial court erred in permitting the State to question the prospective jurors about the range of punishment for the offense if enhanced by a prior conviction. Appellant invokes the protections of both the United States and Texas Constitutions.

The record of the voir dire shows the following:

> MS. MOSELEY: The legislature has also determined that in certain instances if a person were found to have committed a prior offense, had a prior felony conviction, that the punishment range in that case would be from fifteen—
>
> MR. BAIRD: I object to going into any prior convictions.
>
> THE COURT: Overruled.
>
> MS. MOSELEY: Would be from five to 99 years or life. Is there anyone here in either one of those punishment ranges that feel that you could not consider the full range of punishment, anything from five to 99 years or life or anything from fifteen to 99 or life?

The prosecutor did nothing more than inform the jury of the range of punishment. When the jury may be called on to assess punishment, both the State and the defendant have a right to qualify the jury on the full range of punishment. *Bevill v. State,* 573 S.W.2d 781, 783 (Tex.Crim.App. 1978). *See Frausto v. State,* 642 S.W.2d 506 (Tex.Crim.App.1982); *Martinez v. State,* 588 S.W.2d 954, 956–957 (Tex.Crim. App.1979). Appellant's ninth and tenth points are overruled.

In his eleventh point of error, appellant contends that the trial judge commented on the weight of the evidence. The record shows that appellant questioned a witness twice about the same matter, and each time the witness indicated that he did not recall. Appellant's counsel then asked, "Is your answer no as far as you remem-

**502**

ber?" The trial court interrupted and said, "Counsel, he has answered that three times. He said I don't recall."

Where repetitious testimony is involved, a trial court's remark about what has already been stated by the witness is not error. *Dipple v. State*, 4 S.W.2d 565, 566 (Tex.Crim.App.1928). As in *Dipple*, the trial court's statement was not a comment on the weight of the evidence nor an indication of the court's opinion regarding the matter. Appellant's point is overruled.

■ In his twelfth point appellant contends the trial court erred in not allowing him to impeach the testimony of a police officer, L.C. Bronikowski, with the testimony of the witness John King who testified that he was arrested at the same time as appellant and remained with appellant after being transported to the police station. Bronikowski had testified that he did not recall if he had a conversation with appellant at the station. When asked particulars about his activities with appellant at the station, Bronikowski testified that he did not recall but that he may have told appellant that his money was going to be seized.

To impeach this testimony, appellant wanted to introduce evidence through witness King that the officer had asked appellant what the substance was and told appellant that he was going to use the money "to bust him." Appellant contends the evidence is admissible as proof of inconsistent statements by the officer, *citing McGary v. State*, 750 S.W.2d 782, 785 (Tex.Crim. App.1988). We fail to see how King's testimony would have impeached Bronikowski's. The officer testified that he did not recall the events, not that they had not occurred. Moreover, King's testimony does not show that the officer made any inconsistent statements concerning the events in questions. Point twelve is overruled.

The judgment of the trial court is affirmed.