

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00210-CR
No. 07-18-00211-CR
No. 07-18-00212-CR

BRIAN WAYNE SANDERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court Nos. 72,550-D; 74,277-D; 74,278-D
Honorable Don Emerson, Presiding

July 30, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Brian Wayne Sanderson, appellant, was charged in three cause numbers with evading arrest with a previous conviction for evading arrest, possession of a controlled substance with intent to deliver, and unlawful possession of a firearm by a felon.[1]  The three cases arose out of the same facts and were tried together.  The trial court found

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(b)(1) (West 2016), TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (e) (West 2017), and TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011).

appellant guilty in all three causes, the deadly weapon allegation true on the possession charge, and the enhancement paragraphs true in all causes. Appellant filed this appeal, in which he raises five issues. We modify the judgments of the trial court and affirm as modified.

Background

In 2016, Amarillo police were conducting surveillance on appellant, who was wanted for a parole violation. They followed him for several hours as he drove to numerous locations. Appellant entered a slots business on Sixth Street, and the police officers contacted the SWAT team to assist with his apprehension. When appellant exited the business, the SWAT team commanded him to stop, but he began to run. Some officers gave chase while others used their vehicles to block appellant's path. Appellant then stopped and lay on the ground. Following appellant's arrest, officers requested a K-9 officer to bring a trained dog to the scene to perform a free air sniff of the vehicle appellant had been driving. The dog alerted on the vehicle, indicating the presence of drugs. Officers then conducted a search of the vehicle, where they found a shotgun, which was not loaded, and a bag containing a scale, empty baggies, and several small bags of methamphetamine.

Appellant was charged by indictment with (1) the state-jail felony offense of evading arrest or detention with a previous conviction for evading arrest or detention, enhanced with two prior state-jail felonies, (2) the felony offense of possession with intent to deliver a penalty group 1 controlled substance in an amount of 200 grams or more but less than 400 grams, enhanced with two prior felonies, and (3) the third-degree felony

2

offense of unlawful possession of a firearm by a felon, enhanced with two prior felonies. The three matters were consolidated.

Appellant pled not guilty in all three cases. Before trial, he filed a motion to suppress in each case, and all were denied. Following trial to the bench, appellant was found guilty on all three indictments. At punishment, he pled true to all enhancements. The trial court assessed punishment at five years' confinement in the Texas Department of Criminal Justice for the evading arrest conviction and forty years' confinement for both the possession of a controlled substance and unlawful possession of a firearm convictions. Finally, the trial court found that appellant used or exhibited a deadly weapon during the commission of the drug offense. Appellant timely perfected this appeal.

Analysis

Standard of Review

Appellant's first three issues challenge the sufficiency of the evidence to support (1) his conviction for unlawful possession of a firearm, (2) his conviction for possession of a controlled substance, and (3) the trial court's deadly weapon finding. When we assess the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a

3

conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We are mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* Under the *Jackson* standard of review, the ultimate question is whether the finding of guilt was a rational finding. *See id.* at 906-07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448-50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review).

Unlawful Possession of a Firearm and Possession of a Controlled Substance

In his first two issues, appellant argues that the evidence is insufficient to support his convictions for possession of a firearm by a felon and possession of a controlled substance because the evidence did not establish that he possessed either the firearm or the drugs found in the vehicle.

A person commits the offense of unlawful possession of a firearm by a felon if the person was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or from supervision, whichever date is later. TEX. PENAL CODE ANN. § 46.04(a)(1); *see also Martinez v. State*, 986 S.W.2d 779, 780 (Tex. App.—Dallas 1999, no pet.). A person commits the offense of possession with intent to deliver a controlled substance if he knowingly possesses a drug with the intent to deliver it. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a).

To prove unlawful possession, of either the firearm or the controlled substance, the State had to establish that the defendant: (1) exercised care, control, or custody over

4

the contraband; and (2) knew the matter possessed was contraband.  *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see also Corpus v. State*, 30 S.W.3d 35, 37-38 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).  "Possession," under the Penal Code, "means actual care, custody, control, or management."  TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2018).  A person commits a possession offense only if he voluntarily possesses the prohibited item.  *See id.* § 6.01(a) (West 2011).  "Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control."  *James v. State*, 264 S.W.3d 215, 218 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

Here, appellant was the driver and sole occupant of the vehicle where the firearm and methamphetamine were found, but he was not the owner of the vehicle.  When the accused is not in exclusive control of the place where the contraband is found, the State must offer additional, independent facts and circumstances to affirmatively link him to the contraband in such a way that it can reasonably be concluded that he had knowledge of and exercised control over the contraband.  *Kibble v. State*, 340 S.W.3d 14, 18 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).  Whether direct or circumstantial, this evidence "must establish, to the requisite level of confidence, that the accused's connection with the [contraband] was more than just fortuitous."  *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995) (en banc).  Courts have identified several factors that may be considered in determining whether a defendant is sufficiently linked to contraband, namely (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of narcotics when

5

arrested; (5) whether the defendant possessed other contraband when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the substance was found; (12) whether the place where the substance was found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *See Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006); *Auvenshine v. State*, Nos. 07-15-00251-CR, 07-15-00253-CR, 07-15-00254-CR, 07-15-00255-CR, 2016 Tex. App. LEXIS 3392, at *11 (Tex. App.—Amarillo Mar. 31, 2016, no pet.) (mem. op., not designated for publication). It is the "logical force" of the factors, not the number of factors present, that determines whether the elements of the offense have been established. *Evans*, 202 S.W.3d at 162.

The evidence in this case sufficiently links appellant to the firearm and methamphetamine. The firearm was found resting on top of a bag in the front passenger seat floorboard, and the methamphetamine was found inside the bag, making appellant in close proximity with and giving him ready access to both. Appellant was in exclusive control of the vehicle, an enclosed space, for the roughly seven-hour period during which he was under surveillance. Appellant's attempt to flee from officers on foot indicated consciousness of guilt. Other contraband was found on appellant. Additionally, after his arrest appellant informed officers that the firearm and fifteen ounces of methamphetamine were inside the vehicle. He specifically identified the firearm as a Kel-Tec 12-gauge

6

shotgun and stated he had picked it up from someone's house. He told officers that he was delivering the methamphetamine to three or four different places for someone else.

We conclude appellant was affirmatively linked to both the firearm and the methamphetamine. Based on the evidence presented, the trial court could have determined beyond a reasonable doubt that appellant intentionally and knowingly possessed the firearm and methamphetamine found in the vehicle he was driving. We overrule appellant's first and second issues.

Deadly Weapon Finding

In his third issue, appellant challenges the sufficiency of the evidence to support the trial court's finding that he used or exhibited a deadly weapon during the commission of the possession offense. A firearm, such as the shotgun at issue here, is a deadly weapon under Texas law. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(A). The deadly weapon must facilitate the associated felony to support the deadly weapon finding; mere possession of a deadly weapon during the commission of a felony is not enough. *Plummer v. State*, 410 S.W.3d 855, 864-65 (Tex. Crim. App. 2013). In determining whether a weapon was used to facilitate a felony, the evidence must establish that the weapon furthered the commission of the offense or enabled, continued, or enhanced the offense. *Id.* at 865.

Any employment of a firearm, even mere possession, to facilitate the commission of another offense constitutes a "use" of the weapon. *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989). In *Patterson*, the court upheld a deadly weapon finding where officers executing a search warrant found the defendant sitting on a couch near a

table on which methamphetamine was located, and a pistol was on the couch beside the defendant's leg. *Id.* at 939. The court determined that the evidence was sufficient to support a finding that the defendant used the pistol to facilitate his possession of the methamphetamine. *Id.* at 942. Similarly, in *Coleman v. State*, the court held that a rational trier of fact could find that the defendant used firearms to facilitate his possession and distribution of drugs where a pistol, rifle, money, and a safe containing bottles of PCP were found in a bedroom. *Coleman v. State*, 145 S.W.3d 649, 650-55 (Tex. Crim. App. 2004).

As we have previously recognized, it is "rather settled" that weapons are associated with the drug trade. *Wilson v. State*, 132 S.W.3d 695, 698 (Tex. App.—Amarillo 2004, pet. ref'd). Further, the Court of Criminal Appeals has noted that a firearm may be "used" during the commission of the offense of possessing contraband in the sense that the firearm protects and facilitates the care, custody, and management of the contraband. *Gale v. State*, 998 S.W.2d 221, 224-26 (Tex. Crim. App. 1999).

Here, the shotgun was found in the floorboard of the front passenger seat. It was directly on top of the bag which contained the baggies of methamphetamine that appellant later told officers he was delivering. Officers surveilling appellant observed that he was the only occupant of the vehicle and that he made multiple stops during the hours-long period in which he was under surveillance.

Viewing all the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient to support the trial court's finding that appellant used a firearm

in the commission of the offense of possession of a controlled substance with intent to deliver. We overrule appellant's third issue.

Denial of Motion to Suppress

In his fourth issue, appellant argues that the search of the vehicle occurred without a search warrant, probable cause, or reasonable suspicion, in violation of his rights under the Fourth Amendment. As such, he concludes, the trial court abused its discretion when it denied his motions to suppress. The State contends that the motions to suppress were properly denied because the warrantless search of the vehicle was justified either by the automobile exception or as a search incident to arrest.

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). Under this standard, the trial court is given almost complete deference in its determination of historical facts and with respect to its rulings on application of law to questions of fact and to mixed questions of law and fact where resolution of those questions depends on an evaluation of credibility and demeanor, but for other mixed questions of law and fact, we conduct a de novo review. *Id.* Where, as here, the trial court does not make findings of fact, the evidence is viewed in the light most favorable to the trial court's ruling and it is assumed that the court made implicit findings of fact supported by the record. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (en banc).

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. CONST. amend. IV; *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). Although a search conducted without a warrant generally is considered

per se unreasonable, there is an exception for vehicles. *Maryland v. Dyson*, 527 U.S. 465, 466, 119 S. Ct. 2013, 144 L. Ed. 2d 442 (1999) (per curiam). The "automobile exception" allows for the warrantless search of a vehicle "if it is readily mobile and there is probable cause to believe that it contains contraband." *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009).

In his brief, appellant does not challenge the existence of probable cause, but argues that the automobile exception does not apply because the search was conducted on private property. We disagree. The automobile exception applies when the vehicle "is found stationary in a place not regularly used for residential purposes" and is readily capable of being used on the highways. *Martin v. State*, 780 S.W.2d 497, 500 (Tex. App.—Corpus Christi 1989, pet. ref'd) (quoting *California v. Carney*, 471 U.S. 386, 392-93, 105 S. Ct. 2066, 85 L. Ed. 2d 406 (1985)).

In this case, the evidence shows the vehicle was found stationary in a parking lot of a gaming business establishment. The record does not suggest, and appellant does not claim, the establishment is a place regularly used for residential purposes. The vehicle was readily capable of being used on the highways because the officers had observed appellant driving the vehicle shortly before he was arrested. These facts justify application of the automobile exception and allow the search of the vehicle without a warrant. *Carney*, 471 U.S. at 392-93.

Because we have found that the automobile exception applies, we need not determine whether the search incident to arrest exception applies. We overrule appellant's fourth issue.

Court Costs Error

Finally, appellant asserts and the State concedes that the trial court's judgments are erroneous because they include court costs. In each cause number, the judgment states that court costs are assessed "as per [the] attached Bill of Cost." The bills of cost reflect charges of $224, $284, and $224 in the respective causes. However, the Article 42.15[2] Addendum in each cause number indicates that the costs shall be waived.

This Court has the authority to modify or reform a judgment to make the record speak the truth when the matter has been called to its attention. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc). Because appellant's claim is well-taken, we sustain his fifth issue.

Conclusion

We reform the trial court's judgments of conviction in all three cause numbers to reflect that court costs are waived. In all other respects, the trial court's judgments are affirmed.

Judy C. Parker
Justice

Do not publish.

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.15 (West 2018).